## CITY ICE DELIVERY CO. v. EVANS.
### (No. 9567.)

(Court of Civil Appeals of Texas. Dallas. May 23, 1925. Rehearing Denied June 20, 1925.)

**1. Contracts 🏀117(2)—Contract by driver of ice wagon not to engage in competing ice business held not against public policy.**

Contract whereby ice wagon driver agrees not to engage in ice business within territory covered by his route, either for himself or as employé for another company, for period of 3 years after termination of employment, does not tend to destroy competition, and is not against public policy.

**2. Good will 🏀5—Good will may be secured to purchaser by contract containing negative covenants.**

Purchaser of established business may include in such purchase the good will of the business, and good will may be secured to purchaser by contract containing such negative covenants as are reasonably necessary for such purpose, and such covenants are not unlawful infringement of liberty of seller.

**3. Contracts 🏀116(2) — Whether employé's covenant not to engage in competing business is valid depends upon necessity and reasonableness.**

Whether employé's covenant not to engage in competing business, either for himself or as employé for another, for definite time after termination of employment, is valid, depends upon whether restraint placed on employé is necessary and reasonable for protection of employer's business and good will.

---

🏀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Injunction ⬅️126—In suit to restrain employé's breach of covenant, burden is on employer to show necessity and reasonableness of covenant.**

In suit to restrain employé's breach of covenant not to engage in a competing ice business within a certain territory, burden is upon employer to show that covenant is both necessary and reasonable.

**5. Contracts ⬅️116(2) — Employé's covenant not to enter employment of competing ice company held valid.**

Employé's covenant not to enter employment of competing ice company within certain territory *held* valid as necessary for protection of employer's business.

**6. Contracts ⬅️116(2) — Employé's covenant not to enter employment of competing ice business within 5 squares of territory assigned him held not enforceable.**

Employé's covenant not to enter employment of competing ice company within certain territory and within 5 adjacent squares is unenforceable as to the 5 squares, where employé had been confined in delivering ice to territory assigned, and had established no good will outside such territory.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit for injunction by the City Ice Delivery Company against Carl B. Evans. From an order dissolving a temporary injunction, plaintiff appeals. Reversed and remanded, with instructions.

Beall, Worsham, Rollins, Buford & Ryburn, of Dallas, for appellant.

Oscar Calvert and G. H. Crane, both of Dallas, for appellee.

JONES, C. J. This is an appeal from an order of the district court of Dallas county, dissolving the temporary writ of injunction that had theretofore been granted ex parte in a suit filed by appellant, seeking an injunction restraining appellee from violating certain negative covenants in a written contract that had been entered into between the parties. The facts forming the basis of this suit are as follows:

Appellant is a corporation engaged in the business of delivering ice in the city of Dallas, both by retail to the domestic consumer and by wholesale to other consumers. To facilitate the transaction of its business, appellant owned and operated a number of ice delivery wagons, in charge of its employés. The territory in which appellant operated was divided into districts, and each employé to whom had been intrusted a delivery wagon was assigned to one of these districts and his work restricted to the territory assigned. The district in question was that territory located in the city of Dallas and bounded on the east by Ervay street, on the south by Forrest avenue, on the west by Wall street,

and on the north by the tracks of the Gulf, Colorado & Santa Fé Railway Company. Appellant had purchased the ice business and good will of Phillips & Hall at about the time appellee entered appellant's employment. Previous to this employment, appellee had been in the employ of Phillips & Hall, in charge of an ice wagon, and for about 5 years had operated an ice wagon under a contract similar to the one he entered into with appellant. During this previous employment the territory covered by appellee was approximately the same territory as that above described. In order that it might secure the benefit of the good will that was a part of the consideration for the purchase price paid Phillips & Hall, appellant endeavored to secure as employés all of the delivery men who were working in that capacity for Phillips & Hall at the time the purchase was made. There is some evidence in the case that appellant made it a condition precedent to its purchase of said business that the employés of Phillips & Hall who operated ice wagons enter into contracts with it. On November 28, 1924, the contract in question was executed, and appellee became an employé of appellant under its terms and conditions. Among other stipulations, the said contract contained the following, which is a sufficient quotation for the purpose of a determination of the issues involved on this appeal:

"The company employs the driver for the purpose of driving an ice wagon and to serve customers assigned to him, to canvass for new customers, to instruct other drivers and employés as foreman detailed so to do, and to perform such other duties as may from time to time be delegated to him by the company; and the company agrees to pay the driver a salary of not less than twenty-one dollars per week.

"Said driver binds himself to, at all times, observe all rules and regulations of said company, and to give his entire time and best attention to its business. * * *

"In consideration of the promises, the driver agrees not to engage in the ice business within the territory covered by the route, or routes, of which he may have had charge while in the employ of the company, or within five squares therefrom, for a term of three years immediately after his employment shall, for any cause, cease, either on his own account or as agent or employé of any person, persons, corporation, or corporations, by canvassing for and soliciting trade, by selling or delivering ice, by establishing or endeavoring or pretending to establish an ice route, by selling, transferring, or giving to any one any right he may claim to have acquired in any ice route, nor by assisting any one in doing any of the foregoing acts or things, nor in any manner whatsoever said driver agrees not to furnish any one information as to said route or the names of said customers. * * *

"This agreement is made for the protection of the good will and business which may have been or may hereafter be acquired upon said

route, and, in consideration of this agreement, said driver does hereby assign and convey to the company all interest in the good will and business upon said route now existing or hereafter to be acquired or claimed by him in any manner. * * * "

The above-described district was assigned to appellee under this contract of employment, and he at once began the delivery of ice for appellant to the customers residing in said territory Appellee continued in said employment until on or about the 16th of February, 1925, when he entered the employment of a competing company and began the delivery of ice for such competing company within the same district. During his employment appellant's business in said district amounted to the daily delivery of about a ton or a ton and a half of ice. Following the employment of appellee by the competing company, appellant's business in said district only amounted to a daily delivery of about 100 pounds of ice. The evidence warrants the conclusion that those in said district who had theretofore been customers of appellant through the influence of appellee became the customers of the said competing company, and that the good will of the Phillips & Hall business that had been purchased by appellant and the good will of appellee that had been assigned by the terms of the contract to appellant had been completely lost.

Appellee filed a duly verified motion to dissolve the writ of injunction, and upon the issues joined by the pleadings the court heard evidence on which the order is based dissolving the injunction. Appellee's contentions with respect to the issues so joined may be summarized as follows: (a) That the portion of the contract that bound appellee not to engage in a similar business for himself or for another within the said territory or within 5 squares adjacent to said territory, for a space of 3 years from the time of his employment with appellant ceased, was without consideration and void; (b) that such stipulation in the contract is against public policy and void, in that it restricts appellee's freedom of employment to labor and earn the money necessary for the support of himself and family; (c) that such stipulation is void, in that its tendency is to destroy competition in the business of delivering ice and to give appellant a monopoly in such business within said district.

It is undisputed evidence that the summer months are the months in which ice companies make their profits; that during what is called the "lean months" the business is operated at a loss, and that during the time appellee was in the employ of appellant the business was operated at a loss; that, in order to give appellee and similar employés employment for 12 months in the year, it was necessary to secure to appellant the good will built up through the personal contact with the customers by such employés, and this could only be accomplished by the covenant in said contract; that some of the time during the months in which the business was light was always spent by the employé, to whom had been given a district, in canvassing his district in behalf of the company and soliciting new customers; that the officers of appellant and those in general charge of the business did not come in personal contact with the trade; and that this personal contact with its customers and the good will of the business resulting therefrom was committed to such employés. Appellee is dependent upon his labor for earning a support for himself and family, which consists of a wife and two small children. ·

Appellant duly assigned error on the action of the court in dissolving the temporary writ of injunction, and has presented its contention to this court under appropriate propositions of law. Appellee likewise has duly presented his contentions under appropriate counter propositions of law. None of these propositions will be separately discussed, as they all relate to the question of the validity and enforceability of the said restrictive covenant in the contract of employment.

It will be noted that the service of appellee to appellant under the terms of the contract and under the evidence in this case was not what is usually termed that of a common laborer. It was appellee, and those who held kindred positions, upon whom rested in a great measure the success of the business that gave appellee employment. The new customers to be won to the business and the old customers to be retained in the business necessarily very largely depended upon the work of appellee and his coemployés. For this, these employés were given employment 12 months in the year, and were intrusted with establishing the good will of appellant's business.

[1] It is a general rule of law, as urged by appellee, that all contracts and covenants whose tendency is to destroy legitimate competition in trade, are against public policy and void. This rule, however, finds no application in the instant case, for the reason that the covenant in the contract in question manifestly has no such tendency.

[2] It is the settled law of this state that a purchaser of an established business may include in such purchase the good will of the business that had been built up by the seller, and that this good will may be secured to the purchaser by agreement or contract containing such negative covenants as are reasonably necessary for such purpose. Such covenants are not considered an unlawful infringement of the liberty of the seller to engage in business. Such seller is merely making secure that which he had sold for a consideration. Gates v. Hooper, 90 Tex. 561, 39 S. W. 1079; Crump v. Ligon, 37 Tex. Civ. App. 172, 84 S. W. 251; Erwin v. Hayden

(Tex. Civ. App.) 43 S. W. 611; Anderson v. Rowland, 18 Tex. Civ. App. 460, 44 S. W. 912.

[3] While the validity of covenants by employés not to engage in a similar or competing business, either for themselves or for others, for a definite period of time following the termination of a contract of employment in which the covenant is incorporated, seems not to have been specifically passed upon by the courts of this state, their validity is necesssarily controlled by the same general principles upon which the validity of like covenants in the sale of an established business is controlled, and the weight of authority in other states is that such covenants are valid. The test generally applied to determine the validity of such a covenant in a contract of employment depends upon whether or not restraint placed upon the employé after employment has ceased is necessary for the protection of the business or good will of the employer, and whether it imposes on the employé any greater restraint than is reasonably necessary to secure protection to the business of the employer or the good will thereof. If the covenant in question goes no farther than to accomplish this purpose, it is generally held to be valid. Eureka Laundry Co. v. Long, 146 Wis. 205, 131 N. W. 412, 35 L. R. A. (N. S.) 119; American Ice Co. v. Lynch, 74 N. J. Eq. 298, 70 A. 138; authorities collated in notes, 9 A. L. R. at pages 1467 to 1478, 20 A. L. R. at pages 864 to 869, and 20 A. L. R. at pages 1331 to 1334.

[4-6] The burden rests upon appellant to establish both the necessity for, and the reasonableness of, the restrictive covenant it seeks to enforce through a court of equity by means of an injunction against appellee, prohibiting him from a violation of its terms. The evidence clearly establishes the necessity for this covenant in the contract of employment so far as it relates to the immediate territory in which appellee delivered ice to appellant's customers, and as to said territory it is valid. Does the necessity exist for extending the prohibitions of the covenant to the 5 squares of territory adjacent to appellee's territory? We think here the evidence fails. Appellee was confined in the delivery of ice and the soliciting of new customers exclusively to the territory assigned him. The good will for appellant's business that his work had established did not reach this outside territory. So far as this record discloses, if appellee entered the said 5 squares of territory he did so as a stranger to appellant's customers within said territory. No good will that existed here in favor of appellant owed such existence to any personal contact of appellee with this trade, while he was in the service either of Phillips & Hall or appellant. We therefore are of the opinion that, under the record before us, that portion of the said covenant that prohibits appellee from entering the employment of a competing ice company within 5 squares of the territory assigned appellee is not enforceable.

We therefore are of the opinion that the court erred in dissolving the temporary writ of injunction in so far as it prohibited appellee from taking employment to serve the district that appellant had assigned to him during the time he was in appellant's employ, that the proper order would have been to modify the injunction so as to embrace only said district, and this cause is reversed and remanded, with instructions to the trial court to issue the temporary writ of injunction prohibiting and restraining appellee from entering the territory in the district above defined as the employé of the competing ice company from whom he accepted employment.

Reversed and remanded, with instructions.