## BYERS v. TRANS–PECOS ABSTRACT CO. et al. (No. 2302.)

Court of Civil Appeals of Texas. El Paso.
June 10, 1929.

Rehearing Denied July 8, 1929.

Mead & Metcalfe, of Marfa, and Van Sickle & Fisher, of Alpine, for appellant.

M. A. Hopson, of Sweetwater, J. C. Fuller, of Marfa, and Kemp & Nagle, of El Paso, for appellees.

PELPHREY, C. J. Appellees filed this suit in the district court of Brewster county, Tex., praying for both temporary and permanent writs of injunction restraining appellant from directly or indirectly doing work for any other abstractor than themselves in Brewster county or going into the abstract business for himself in said county for a period of two years from June 15, 1928.

The facts upon which they base their claim to the relief prayed for are these: That on or about November 11th, 1927, M. L. Hopson and wife, E. Hopson, doing business under the firm name of Trans-Pecos Abstract Company, entered into a written contract with appellant to employ him as an abstractor, it being agreed under the terms of said contract that appellant would not work for any other abstractor in Brewster county for two years after leaving the employ of appellees; that, subsequent to his entering upon the employment, the abstract company was incorporated, and appellee continued to work, under the contract, for said corporation until June 15, 1928, when he left the employ of appellees and together with others organized another abstract company; that he thereupon held himself out and was attempting to do a general abstract business in Brewster county, in violation of his agreement.

Upon a hearing, the district court granted the temporary injunction restraining appellant from directly or indirectly doing work for any other abstractor in Brewster county, Tex., or going into business for himself as an abstractor in Brewster county, Tex., for a period of two years from June 15, 1928, and restraining him from directly or indirectly making abstracts or from holding himself out as a maker of abstracts and from holding stock in, or being interested in, or employed by, any abstract company in Brewster county, Tex., and doing business therein, and restraining him from in any wise being connected with any business of making abstracts in Brewster county, Tex., during said time. From that order this appeal is taken.

Opinion.

Appellant presents four assignments of error, but, in accordance with the conclusion we have reached, we deem it necessary to discuss only the fourth. That assignment reads: "The court erred in granting a temporary injunction restraining the defendant from engaging in the business of an abstractor in Brewster County because a negative covenant in regard to personal employment will not be enforced where the only consideration for the covenant was the receipt of wages, during the time the defendant was employed by the plaintiffs, and where the character of the work involved, as in this case required no special, unique, unusual or intellectual character, which might not be performed by many other available persons. In such cases the only remedy for a breach of contract not to engage in similar employment is an action for damages, and courts of equity in such cases will not restrain a person from a necessary employment to gain a livelihood."

As germane to said assignment, appellant presents this proposition:

"The allegations of plaintiff's petition and the proof both show that the only consideration which the defendant was to receive, for which he bound himself not to engage as an abstractor in Brewster County for two years,

was the monthly payments to him for personal employment to the plaintiffs; he sold no business to them nor any property; the nature of the employment of the defendant with the plaintiffs and of the defendant's present employment as an abstractor, does not require such extraordinary skill, or special ability, as that such services cannot be ordinarily gotten from other persons, and under those conditions, a negative covenant not to engage in personal services will not be enforced, by injunction, but the remedy in such cases is a suit for damages; there is no allegation in the pleading that the defendant is insolvent, and the undisputed proof tends to show that he is solvent, and under these conditions, there should not be granted, either a temporary or permanent injunction, depriving the defendant of the right to accept employment as an abstractor in Brewster County, Texas."

■ In considering the question presented by this proposition, it will be well to bear in mind the fact that the right of a citizen to seek employment and engage in the business of his own choosing is such a right as the courts of our country should guard with exceeding jealousy, and that the writ of injunction being an extraordinary process, in cases involving the right of an individual to earn a livelihood, should be granted only when justice can be accomplished by no other means.

■■ The validity of covenants to refrain from engaging in a similar or competing business, either for themselves or for others, for a definite period of time following the termination of a contract of employment in which the covenant is incorporated, is generally determined upon the question of whether or not the restraint placed upon the employee, after the employment has ceased, is necessary for the protection of the business or good will of the business of the employer, and whether it imposes upon the employee any greater restraint than is reasonably necessary to procure protection to the business of the employer or the good will thereof. · Oak Cliff Ice Delivery Co. v. Peterson (Tex. Civ. App.) 300 S. W. 107; Texas I. & C. S. Co. v. McGoldrick (Tex. Civ. App.) 284 S. W. 615; Bettinger v. North Fort Worth Ice Co. (Tex. Civ. App.) 278 S. W. 466; City Ice Delivery Co. v. Evans (Tex. Civ. App.) 275 S. W. 87. It has also been held that the burden rests upon the party seeking the injunction to establish both the necessity for and the reasonableness of the restraint. City Ice Delivery Co. v. Evans, supra; Bettinger v. North Fort Worth Ice Co., supra.

■ Another class of cases in which injunctive relief has been held appropriate is where one contracts to render special, unique, or extraordinary personal services requiring special merit or qualification, or where the services to be rendered are purely intellectual, or are peculiar and individual in their character, and where in case of default the same

service is not to be obtained from others. 32 C. J. p. 200, § 310.

■ In the case at bar, appellees' only allegation is that appellant, during the time he was employed by them, acquired knowledge of their business, clientele, books, records, and methods, and that, if he is allowed to continue in the operation of his abstract company, they will suffer irreparable injury for which they have no adequate remedy at law.

There is no allegation or proof that they used other than the ordinary methods used by abstract companies, and therefore they would not be entitled to invoke the protection of a court of equity to prevent their use.

The clientele of an abstract company, unless it be shown to consist of dealers in real estate, would be of very little value to any other company. A person might need an abstract to-day and not need another for years, unless he was engaged in buying and selling real property.

We feel safe in assuming that no man has a memory of sufficient retentive quality to enable him to remember the contents of records in an abstract office; consequently, in the absence of a showing that he had carried away with him the records or copies thereof, appellees would scarcely need protection on that score.

Therefore the irreparable injury which appellees allege will result from the continuance of appellant in the abstract business resolves itself down to the injury which might come to them from the competition afforded by appellant's company.

Nor is there any showing that the services were of such a character that the same service could not be obtained from others.

Chief Justice Fly, in the case of Miller v. Chicago Portrait Co. (Tex. Civ. App.) 195 S. W. 619 (writ refused), used the following language in a case in which an employee had agreed to refrain for a period of one year from engaging in the same or a competing business in the territory or any parts thereof in which he was employed for the year last preceding the termination of his employment: "Courts will not favor contracts that would drive a man out of Texas to seek occupation in a business, with which he is * * * better acquainted than any other, or put him in another business for which he is not trained or suited. This is a different case from the sale of a business induced by a contract not to engage in a similar business in a named locality in a specified time. The contract in this case is aimed at the right to obtain employment in a similar business. It is an attempt to restrain the right to earn a living."

He then quoted from the case of Allen Mfg. Co. v. Murphy, 23 Ont. L. Rep., 467, cited in note to Kinney v. Scarbrough Co. (Ga.) 40 L. R. A. (N. S.) 473, as follows: "Restraints which may fairly be regarded as * * * reasonable when imposed in connection with

the sale of a business or good will, or with the transfer of patent rights or of a trade secret, or with the dissolution of a partnership, should not be accepted in all cases as necessarily or even approximately applicable to restraints imposed upon employees to whom the only consideration for their covenant is employment and receipt of wages or remuneration for a more or less certain number of years."

We also are of the opinion that the case before us is vastly different from those cases in which the sale of a business and its good will are involved.

In the case of the sale of an established business, the good will has a value, and, in the performance by the seller of his covenant not to engage in the business for a definite time in a definite locality, he is merely making secure that which he sold for a consideration.

We are further of the opinion that this case presents a question different from that presented in City Ice Delivery Co. v. Evans, supra; Oak Cliff Ice Delivery Co. v. Peterson, supra; Texas I. & C. S. Co. v. McGoldrick, supra; Bettinger v. North Fort Worth Ice Co., supra; and Jennings v. Shepherd Laundries Co. (Tex. Civ. App.) 276 S. W. 726.

In the latter case the employee agreed not to collect laundry in a certain territory or solicit customers of his employer for a stated period, while in the former cases the agreement was to refrain from selling ice in the territory where he had formerly been employed.

The services in the above cases were not those of common laborers. Upon these employees rested in a great measure the success of the business. The personal relation established between these employees and the customers living upon their particular routes, owing to the nature of the business and the manner in which it necessarily was conducted, became such that the trade would follow the driver and he would be able to control it as a personal asset, and these employees, by leaving the service of their employers and going into a competing business, had a decided advantage over any driver their employers might select to fill their places.

Because of these facts, they were in a position to seriously injure the existing business and prevent the acquisition of any new business by their former employers. Under those circumstances, the courts, and we think properly so, enjoined the breaches of the covenants theretofore contracted.

In the case of Oak Cliff Ice Delivery Co. v. Peterson, supra, the Dallas Court of Civil Appeals, speaking through Justice Vaughan, said: "In the enforcement of such covenants, courts will diligently and with a jealous care inquire into the necessity for and the reasonableness of same to the end that those who through necessity must labor to earn a livelihood will not be placed at the mercy of those who do not so have to toil, for otherwise a condition of industrial servitude might be developed. The right to labor is inherent, being enjoined by the very existence of the human family, and the freedom of the laborer to put forth his best efforts to justly enlarge his sphere of operation, usefulness, and income, should never be interfered with or restricted save and except by that which is within and for the public good, or within a sound public policy. Therefore, full and satisfactory proof should be required of the litigant having the burden of proof to establish the necessity for, and the reasonableness of, covenants restricting such inherent right to labor."

With those thoughts we heartily agree. We agree that the question as to the proper disposition of this appeal is fraught with considerable doubt, but we have concluded that appellees have failed to meet the test above quoted and which seems to be the almost universal rule.

We are of the opinion that the facts of this case fail to show such a necessity for the protection of the business of appellees as would justify the enjoining of appellant from pursuing the only business for which he has, according to this record, ever been specially trained.

The judgment of the trial court in granting the temporary injunction is accordingly reversed, and such injunction dissolved.