### KOENIG v. GALVESTON ICE & COLD STORAGE CO. (No. 9316.)

Court of Civil Appeals of Texas. Galveston. June 21, 1929.

D. J. Wilson, of Galveston, for appellant. Levy & Levy, of Galveston, for appellee.

GRAVES, J. On the contention that it was not justified by either the pleadings or proof, appellant herein protests against the following order of temporary injunction, issued against him by the court below:

"Pending a final determination of this cause, the defendant, Fred Koenig, is hereby enjoined, either for his own account or as agent, servant, or employee of any person, firm, or corporation, from soliciting or canvassing for ice business and delivering ice, or engaging in the ice business in any manner whatsoever, within the territory included between Avenues A to J from Twenty-First to Twenty-Fourth streets in the city of Galveston, Texas, and defendant is also enjoined from selling or transferring or giving to any one any alleged right he may claim to have acquired in the ice route located within said territory, and he is further enjoined from furnishing any one any information as to said ice route, including the names of plaintiff's customers residing within the same."

His insistence is that there was no inhibition in the employment contract that had previously existed between himself and the appellee against his delivering ice after its termination within the prescribed area, that the prayer of appellee's application for the writ did not seek such relief, and that the evidence showed that "all he was doing was delivering ice to customers of Drinkelage—customers which Drinkelage had for quite a long period of time." After careful consideration of the record, including the statement of facts, we cannot so agree, concluding rather that no abuse of its discretion on the part of the trial court appears.

In the contract referred to appellant thus bound himself, among other things: "In consideration of the premises, the driver agrees not to engage in the ice business within the territory covered by the route or routes of which he may have had charge while in the employ of the company or within five squares therefrom, for a term of three (3) years immediately after his employment shall, for any cause, cease, either on his own account or as agent or employee of any person, persons, firm, firms, corporation or corporations, (1) by canvassing for or endeavoring or pretending to establish an ice route; (2) by selling or transferring or giving to any one any right he may claim to have acquired in any ice route; (3) nor by assisting any one in doing any of the foregoing acts or things; (4) nor in any manner whatsoever; and said driver agrees not to furnish any one information as to said route or the names of said customers. * * * This agreement is made for the protection of the good will and business which may have been or may hereafter be acquired upon said route, and in consideration of this agreement said driver does hereby assign and convey to the company all interest in the good will and business upon said route now existing or hereafter to be acquired by him in any manner."

The proof was sufficient to support findings that he had, within a few weeks after voluntarily severing his connection with appellee, done them all, except possibly the one enumerated as (2). Indeed, his own testimony seems to us to reasonably lead to no other conclusion; it was undisputedly shown that, immediately after so terminating his service for appellee, he not only began identical duties in the same territory with one of its competitors in the ice business, a Mr. Drinkelage, buying the ice for him, soliciting orders for and making deliveries of it on sales, even receiving payment therefor in behalf of his new principal from old customers he served along that route while in the employ of the appellee, but also canvassed for new customers for him within such limits.

In these circumstances, the contract being not only valid and binding but in plain and unambiguous terms imposing not unreasonable nor unnecessary restrictions in the accomplishment of its evident objective—the prevention of appellant's engaging for a brief period in the ice business for his own account, or that of some one else, within the very small zone he formerly served appellee as driver salesman in—the writ followed as a matter of right, under such authorities as Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; City Ice Delivery Co. v. Evans (Tex. Civ. App.) 275 S. W. 87; Bettinger v. North Ft. Worth Ice Co. (Tex. Civ. App.) 278 S. W. 466; Carpenter v. Southern Properties (Tex. Civ. App.) 299 S. W. 440; Texas Ice & Cold Storage Co. v. McGoldrick (Tex. Civ. App.) 284 S. W. 615; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63.

The pleading of plaintiff below so obviously supported the decree entered that no special discussion of that objection is deemed necessary. Convinced that no prejudicial error has been pointed out, the trial court's judgment will be in all things affirmed.

Affirmed.