## LEWIS ICE & COLD STORAGE CO. v. GIBBONS.

### No. 11230.

Court of Civil Appeals of Texas. Dallas.
April 30, 1932.

Dempsey & Parker, of Dallas, for appellant.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellee.

JONES, C. J.

This suit was instituted by appellant on January 6, 1932, to enjoin R. L. Gibbons, appellee, from selling ice in a certain designated territory in Oak Cliff, city of Dallas. When the petition was filed, a restraining order was issued, conditioned on the filing of a proper bond, enjoining appellee from selling ice in such territory until January 16, 1932, when he was directed to appear and show cause why a temporary writ of injunction should

not issue. The required bond was given by appellant and the restraining order duly issued and served on appellee. On January 8, 1932, appellee filed an answer, consisting of a motion to dissolve the restraining order and of a cross-action against appellant for damages. The motion to dissolve the restraining order was heard on January 14, 1932, and an order entered, in effect dissolving the same and refusing to issue a temporary injunction. From this order appellant has duly perfected an appeal. The necessary facts are:

On July 2, 1927, the parties entered into a written contract, under the terms of which appellee was to enter appellant's employment in the capacity of driving a truck and selling ice to the trade in a territory to be designated by appellant in the Oak Cliff section of the city of Dallas, at a salary compensation of not less than $17.50 per week. It was further agreed that appellee should have ten days' written notice before the contract of employment would be terminated, except for good cause, and what would constitute such good cause was specified in the contract. No issue is joined on the "good cause" clause in the contract.

It was further stipulated that, to protect the good will and business which appellee might establish in the route traveled by him, and as a consideration for the contract of employment and of the protection of such good will, "the driver (appellee) agrees that for the term of three years immediately after ceasing for any cause whatsoever to be in the employ of the Company, he will not engage in the ice business within the territory covered by the route or routes of which he may have charge while in the employ of the Company, either. on his own account or as an agent or employee of any person, persons, corporation or corporations, by canvassing for and soliciting trade by selling or delivering ice; by establishing or pretending to establish an ice route," etc. Immediately after leaving appellant as an employee, appellee entered the same territory he had traversed for appellant with an ice truck to sell ice for himself, and appellant's sale of ice in such territory materially decreased. Appellant seeks to enjoin appellee from using this same territory in his sale of ice.

■ It appears from the record that the court dissolved the restraining order and refused the temporary writ of injunction, on the ground that appellant had breached the contract of employment by failing to give to appellee his contractual right of ten days'

notice before canceling such contract. We have read in its entirety the statement of facts, and it discloses that there is a disputed issue in respect to appellant's being the one that breached the contract. There being such issue of fact to be determined, we hold that the court did not abuse its discretion in dissolving the restraining order and in refusing to issue a temporary writ of injunction. Carpenter v. Southern Properties Co. (Tex. Civ. App.) 299 S. W. 440; City of Farmersville v. Texas-Louisiana Power Co., (Tex. Civ. App.) 33 S.W.(2d) 272.

■ In all appeals from an interlocutory order, granting or refusing to grant, dissolving or refusing to dissolve, a temporary writ of injunction, the sole question for review is, Did the trial court abuse the discretion exercised? A temporary writ of injunction granted in advance of the trial of this cause on its merits would give to appellant, for the time such temporary injunction was in force, all of the relief sought in the final trial of the case. Where, as in the instant case, there is a substantial issue as to whether appellant would be entitled to the relief sought, under a trial on the merits of the case, it is the proper practice of a trial court to refuse a temporary writ, having the effect of granting full relief. City of Farmersville v. Texas-Louisiana Power Co., supra, and cases cited on this question.

Appellant relies on the case (by this court) of City Ice Delivery Co. v. Evans, 275 S. W. 87. In that case the only question for review was the validity of a restrictive covenant, similar to the one in the instant case, in a contract between an employer in the manufacture of ice and an employee. Such covenant was held to be valid and reasonable, and, this being the only contested issue, this court reversed the judgment dissolving the temporary writ of injunction, granted by the trial court on the theory that such clause was invalid. There was no contention in that case that the ice company had breached its contract, or had conducted itself in any manner that would estop it from appealing to a court of equity. The reported case is not authority on the issues involved in the case under review.

The court continued the temporary restraining order in force until a disposition of the case on appeal. We therefore dissolve such temporary restraining order and affirm the order of the lower court, without reference to the rights of either party on the final trial of the case.

Affirmed.