## HOUSTON CREDIT SALES CO. v. ENGLISH.

### No. 2257.

Court of Civil Appeals of Texas. Waco.
Feb. 29, 1940.

Rehearing Denied April 18, 1940.

Harold Kahn and A. L. Pierson, both of Houston, for appellant.

W. S. Barron, of Bryan, for appellee.

GALLAGHER, Chief Justice.

Houston Credit Sales Company, a partnership composed of I. B. Kahn and Louis Sall, instituted this suit against W. R. English to recover damages in the aggregate sum of $650 for the value of property alleged to belong to plaintiffs and to have been received by defendant, and for injury to their business by the alleged breach by defendant of an agreement not to compete with plaintiffs in the sale of certain classes of merchandise in certain territory for a period of two years. Plaintiffs also asked for a temporary injunction prohibiting defendant; during the pendency .of the suit,

from competing with them in the sale of such merchandise in said territory, and on final judgment for a permanent injunction prohibiting such competition for the term of two years from and after the termination of such agreement. A temporary restraining order was granted pending a hearing on said application. Such hearing was had, the restraining order dissolved and the issuance of a temporary injunction denied.

Defendant was, on or about July 15, 1937, employed by plaintiffs under an oral contract to sell household and drygoods on the installment plan by house to house canvass in an exclusive territory comprised of the cities of Bryan, Hearne, Caldwell, Calvert and Navasota, Texas. Plaintiffs furnished the merchandise and defendant sold·the same on a commission basis. He was allowed 15 per cent on all sales and 15 per cent on all moneys collected. He assumed the balance due on all uncollectible accounts. Defendant worked under this contract until January 1, 1938, at which time the parties by mutual consent entered into a written contract, the terms of which were the same as the former oral contract except an agreement that any good will that may have inured to the benefit of the plaintiffs by reason of the efforts of defendant should be the sole property of plaintiffs, and a further agreement that defendant would not sell the same line of merchandise as handled by plaintiffs on a house to house selling plan either for himself or anyone else in any territory worked by him. The oral contract between the parties was by its terms terminable at the will of either party upon giving one week's notice. The same provision was incorporated in the written contract. Apparently both parties understood that the signing of the contract was a condition precedent to the continuance of the original oral contract beyond the time stipulated for giving such notice. The defendant worked under the written contract for approximately a year and a half, when the same was voluntarily terminated by him after giving the stipulated week's notice.

Defendant, at the close of his term of service for plaintiffs, went with his successor over the territory, introduced him to many of his former customers and helped him get started in his work. Defendant testified that he had approximately 300 customers on his sales route. Immediately after he terminated his contract with plaintiffs, he went to work for another company selling the same line of merchandise in the same territory he had worked for them, and was so engaged at the time the hearing was had on the plaintiffs' application for an injunction. He declared his intention to continue in such employment. Plaintiffs testified that their business in said territory had fallen off approximately fifty per cent since such change of representatives. They also alleged in their verified application for injunction that defendant was insolvent. Said allegation was not controverted.

■ Provision in a contract of employment binding the employee to refrain from engaging in a similar or competing business in the same territory and during a reasonable and definite time following the termination of such contract, is a common means of securing to the employer the good will and trade built up as a result of the employment therein promised. Considerable latitude is allowed both as to territory covered by such agreements and the period of time during which the restrictions thereby imposed shall remain in force. Both the territory covered and the period of time during which the stipulated restriction should continue as recited in this case are in the main within the rules laid down in the following cases, in most of which in·· junctive relief was expressly approved: Gates v. Hooper, 90 Tex. 563, par. 2, 39 S. W. 1079; Texas Ice & Cold Storage Co. v. McGoldrick, Tex.Civ.App., 284 S.W. 615, 617, pars. 4 and 5, writ refused, and authorities there cited; McAnally v. Person, Tex. Civ.App., 57 S.W.2d 945, writ refused; Sanitary Appliance Co. v. French, Tex.Civ. App., 58 S.W.2d 159, 162, pars. 5 and 6, and authorities there cited; Jennings v. Shepherd Laundries Co., Tex.Civ.App., 276 S. W. 726; Bettinger v. North Fort Worth Ice Co., Tex.Civ.App., 278 S.W. 466; Latham v. Butler, Tex.Civ.App., 17 S.W.2d 1083, par. 2, writ refused; City Ice Delivery Co. v. Evans, Tex.Civ.App., 275 S.W. 87, pars. 1, 2 and 5; Parisian Live Dyers & Cleaners v. Springfield, Tex.Civ.App., 275 S.W. 1098, writ refused; Koenig v. Galveston Ice & Cold Storage Co., Tex.Civ. App., 18 S.W.2d 1099; Burroughs Adding Machine Co. v. Chollar, Tex.Civ.App., 79 S.W.2d 344, par. 3; Grand Union Tea Co. v. Walker, 208 Ind. 245, 195 N.E. 277, 98 A.L.R. 958. See generally, note in 98 A.L. R., pp. 966 to 978, inclusive. See also authorities cited in Jennings v. Shepherd Laundries Co., supra, 276 S.W. at pages 726, 727, 728.

Defendant contends that his contract with plaintiffs was breached by them. This contention is based on the fact that about two weeks after defendant began working under the written contract, plaintiffs began charging him 25% of the balance due on repossessed merchandise. The amount of this additional burden was nowhere shown. Plaintiffs claimed that imposition of the same was necessary to prevent defendant from making too many uncollectible accounts.. While defendant complained of such burden, he continued to comply with such requirement and to accept settlements under his written contract with such deductions for approximately eighteen months thereafter. He did not even then claim a right to repudiate his contract but proceeded to terminate the same in the manner stipulated therein. After he had regularly terminated his contract he immediately went to work for another company in the same territory and contracted his former customers as well as others. One who claims the right to rescind or repudiate a contract must act with reasonable promptness. Hoyt v. First Nat. Bank, Tex.Civ.App., 247 S.W. 637, par. 7; Brenan v. Eubank, Tex.Civ.App., 56 S.W.2d 513, par. 10; Minchew v. Morris, Tex.Civ.App., 241 S.W. 215, par. 8. We do not think the defendant could enjoy the benefits accruing to him by continued service under his written contract and accept periodic settlements thereunder in conformity therewith for a period of eighteen months, and afterwards terminate the same according to its terms, and then claim that the imposition of such additional burden released him from his contractual obligation to refrain from competition.

The two years during which defendant agreed to refrain from competition began when he terminated his contract, which was on July 8, 1939. Approximately seven months have since elapsed, during all of which time, except one week while the restraining order was in force, he has been free to continue such competition. Plaintiffs testified that their trade in that territory had fallen off about fifty per cent. Their charge that defendant is insolvent is unchallenged. The entire period of two years might, in the ordinary progress of litigation, expire before the final termination of this law suit and plaintiffs be left without effective remedy. The order of the court denying a temporary injunction is reversed and the application remanded to the trial court, with instructions to grant a temporary injunction against defendant restraining him from further violating the terms of his said contract with plaintiffs until the trial of the cause can be had, or until otherwise ordered by the court. The service of said order on defendant will be subject to the giving and approval of such bond as the court may deem proper.