E. D. PHILLIPS, Appellant,

v.

SEIBERLING RUBBER COMPANY et al., Appellees.

No. 5072.

Court of Civil Appeals of Texas.

El Paso.

July 23, 1954.

Lester C. Boone, Odessa, for appellant.

Blanton, McMahon & Fuller, Odessa, for appellees.

McGILL, Justice.

This is an appeal from an order of the judge of the District Court of Ector County granting a temporary injunction in a suit pending in that court, wherein appellee was plaintiff and appellant was defendant. The order enjoined the defendant:

"* * * from engaging in the business of selling or dealing in tires and tubes in Odessa, Texas, or within a radius of 100 miles of said city, at any time before May 10, 1959, except with the written consent of Plaintiff, Seiberling Rubber Company;"

The basis for the injunction was a contract entered into between the Ed Phillips Tire Company, Inc., a corporation, hereinafter referred to as "the corporation," appellant, and other stockholders of such corporation, and appellee, whereby appellee agreed to sell its goods, wares and merchandise to the corporation and to extend credit to the corporation. The corporation was indebted to appellee in the sum of approximately $70,000. Appellant was the principal stockholder of the corporation. He endorsed his stock and pledged it to appellee as security for the corporation's debt. He remained as president and manager of the corporation, to which he was personally indebted in the sum of approxi-

mately $7,000. Among other provisions of said contract was paragraph (d):

> "(d) That Ed Phillips will not for a period of five years after any severance or termination of business connection with the Corporation engage in the business of selling or dealing in tires and tubes in Odessa, Texas, or within a radius of 100 miles of said city except with the written consent of Seiberling."

Some time after the contract was signed appellant resigned as president and manager of the corporation and accepted employment with the Garrison General Tire Service, a competitive company, as manager of its truck tire sales department. In this capacity he admitted that he had contacted customers of the corporation in an effort to get them to do business with the Garrison Tire Service, and that he was attempting to sell tires within the area covered by the restrictive covenant.

Appellant's main contention on oral argument was and in his brief is that the restrictive covenant does not embrace and does not prohibit him from selling tires and tubes as a servant, agent and employee of another.

In Martin v. Hawley, Tex.Civ.App., 50 S.W.2d 1105, the rule quoted from 9 A.L.R. 1468 relating to such restrictive covenants in contracts of sale of a business is said to be the rule well settled in this state. That rule is:

> " 'It is clear that if the nature of the employment is such as will bring the employee in personal contact with the patrons or customers of the employer, or enable him to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons or customers, enabling him by engaging in a competing business in his own behalf, or for another, to take advantage of such knowledge of or acquaintance with the patrons or customers of his former employer, and thereby gain an unfair advantage, equity will interfere in behalf of the employer and restrain the breach of a negative covenant not to engage in such competing business, either for himself or for another, providing the covenant does not offend against the rule that as to the time during which the restraint is imposed, or as to the territory it embraces, it shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer.' "

Here the restriction as to time during which the restraint is imposed and the territory embraced, is reasonably necessary to secure the protection of the good will of the business of the corporation, the stock of which was transferred to appellee by appellant as security for a valuable consideration. As a stockholder appellee was interested in protecting such good will and entitled to enforce the covenant. Martin v. Hawley, supra; Annotation 63 A.L.R. 316. Appellant does not question the rule, nor appellee's right to enforce the covenant. As above stated, his main contention is that the covenant properly construed does not prohibit him from selling or dealing in tires and tubes as an employee of another, so long as he has no proprietary interest in such business.

In Parisian Live Dyers & Cleaners v. Springfield, Tex.Civ.App., 275 S.W. 1098, 1099, wr. ref. the restriction was that

> " '* * * I will not, within a period of six (6) months from the time I sever my connections with the Parisian Live Dyers & Cleaners, work either directly or indirectly for any person in the dry cleaning business in the city of Houston in the capacity of either solicitor or driver, soliciting trade in the territory on the west side of Main street and south side of Buffalo Bayou.' "

The contention was that this covenant did not bar the covenantor from driving upon the route involved, for himself, and did not cover the contingency of his becoming a proprietor. In disposing of this contention the court said:

"Construing the contract in the light of the surroundings of the parties and of their testimony as given upon the witness stand, the conclusion seems to us inescapable that the mutual purpose and intent was that appellee should not, either as solicitor or driver, work that particular territory for the brief time specified for a rival business of the same kind. To say that he could evade so clear an obligation as that by merely turning joint proprietor would be to exalt the form (and a very technical form at that) of his agreement above the plain spirit of it. It may be that the instrument was rather inartistically drawn, but the objective of its makers admits, we think, of no substantial doubt. They had the very thing in view that appellee turned around and did, however much of good faith there may have been in his act in so doing."

The situation presented in that case was the converse of that which we have here, but the quoted language is just as applicable here. There can be no doubt that the main purpose of the restrictive covenant was to guard against competition by appellant. The only other purpose it could have had would have been to serve as an inducement to persuade or compel him to remain with the corporation. He was an expert tire salesman; it was through his efforts that the corporation had been made a success as an outlet for appellee's tires. The good will of the corporation was largely due to his efforts. We think the language of the covenant, viewed in the light of the surrounding circumstances is not ambiguous. The word "business" is said to be synonymous with occupation, and denotes employment or occupation in which a person is engaged to procure a living. 5 Words and Phrases, Business, p. 998 et seq. The covenant here involved, we hold, in unambiguous language prohibits appellant from selling or dealing in tires and tubes within the specified area during the specified time. The case of Byers v. Trans-Pecos Abstract Co., Tex.Civ.App., 18 S.W.2d 1096 by this court, strongly relied on by appellant, is readily distinguishable, as is apparent from even a casual reading thereof.

We deem appellant's other contentions embraced in appropriate points entirely without merit. All points are overruled.

Judge Simkins, in the Third Edition of his work on Contracts and Sales, p. 493, gives as the first rule for construction of contracts:

"Rule 1: As men bind themselves, so shall they be bound.

"This means that when the terms of the contract are not against the policy of the law to enforce that the rights of parties and subject matter are fixed, and they will be protected and enforced by the courts."

Under the rule is cited the case of Menard v. Sydnor, 29 Tex. 257. In that case appears the following:

"As men bind themselves, so must they stand bound. When the terms of a contract are free from ambiguity, and not such as are against the policy of the law to enforce, they establish the rights of the parties in the subject-matter, which will be protected and enforced by the courts."

See also Burns v. American Nat. Ins. Co., Tex.Com.App., 280 S.W. 762, loc. cit. 765 (4-5).

The order appealed from is affirmed.