**JOHN L. BRAMLET & COMPANY,**
Appellant,

v.

**Robert Lee HUNT, Appellee.**

No. 16299.

Court of Civil Appeals of Texas.

Dallas.

Oct. 11, 1963.

Rehearing Denied Nov. 1, 1963.

McCulloch, Ray, Trotti & Hemphill, and Ronald D. Krist, Dallas, for appellant.

John H. Whittington, Jr., and John W. Collins, Jr., Dallas, for appellee.

WILLIAMS, Justice.

John L. Bramlet & Company brought this suit seeking to enjoin Robert Lee Hunt from violating a restrictive covenant contained in a pre-employment application executed by Hunt. The trial court denied plaintiff's request for interlocutory temporary injunction, and this appeal followed. We find that the trial court erred in refusing to grant the temporary injunction and therefore reverse the judgment.

The facts are undisputed. Appellee applied to appellant for employment as a bookkeeper and was required to sign a printed application form which contained, inter alia, the following statement: "I agree, in the event I am accepted for this position and later shall terminate or shall be relieved of this position for any reason, that after termination I will not work for a firm or individual doing service station bookkeeping; and I will not offer, or do service station bookkeeping as a service for anyone, nor will I work in an advisory capacity for a firm or individual doing service station bookkeeping in the Dallas County, Texas or Tarrant County, Texas area for a period of five years from the date of termination." Appellee was accepted for

this employment and thereafter worked for appellant as office manager and bookkeeper for a year and seven months. After he ceased his employent for appellant, appellee went to work for himself in the bookkeeping business. During the trial appellee stipulated as follows: "We will stipulate that defendant, Mr. Hunt, is engaging in, at this time, and since the termination of his employment with the plaintiff, Bramlet, has been engaging in the business of doing bookkeeping work for retail service stations in Dallas, Texas, and Tarrant County, Texas. We will stipulate that in such instances, they are prior customers of Bramlet & Company, and that there are other accounts which he is soliciting and serving." In addition to this stipulation, the testimony is undisputed that appellee, since his termination with appellant, has openly solicited and acquired customers of appellant.

Appellant's sole point on appeal is that since the restrictive covenant was valid, and clearly breached, it was entitled to the court's protective injunction pending trial on the merits. By countervailing points, appellee contends that (1) there was no valid contract between the parties; (2) that if there was a contract the same was in violation of the Statute of Frauds; and (3) that if such contract was valid appellant did not meet the burden of proof to show the necessity for the issuance of a temporary injunction.

There was a time in our jurisprudence when covenants not to compete were held to be unenforceable because in restraint of trade and contrary to public policy. However, under the customs and usages of modern business practice it is now well established that contracts ancillary to employment involving trades or professions are enforceable, though amounting to limited restraint of trade, where they are reasonably limited as to time and space. Some cases even go so far as to uphold such restrictive covenants, even in the absence of a time limitation, where the agreement is reasonably limited as to area. 13 Tex.Jur.

2d Section 189, Pages 398–400, Krueger, Hutchinson & Overton Clinic v. Lewis (Tex.Civ.App.), 266 S.W.2d 885, affirmed 153 Tex. 363, 269 S.W.2d 798; Randolph v. Graham, Tex.Civ.App., 254 S.W. 402, 58 A.L.R. 168. There is no contention made in this case by appellee that the time or space limitation is unreasonable.

■ We cannot agree with appellee that there was no contract between the parties. It is without dispute that appellant would not have employed appellee had he not executed the printed application form which incorporated the restrictive covenant. Such was a condition precedent to employment. Appellee accepted such condition and signed the same. Thereafter appellant accepted appellee as an employee and provided him with employment for more than one year. These facts clearly constitute a contract between the parties supported by adequate consideration. The same contention was advanced and overruled in McAnally v. Person (Tex.Civ.App.), 57 S.W.2d 945, writ refused; and Bettinger v. North Ft. Worth Ice Co. (Tex.Civ.App.), 278 S.W. 466.

■ Neither can we agree with appellee that the contract violates Article 3995, Sec. 5, Vernon's Ann.Civ.St. Such statute requires contracts whose time of required performance exceeds one year to be in writing and to be signed by the party to be charged. The answer to this contention is found in the written instrument itself, executed by appellee, the party to be charged, wherein he agrees to refrain from engaging in competitive business with appellant for a definite time and place.

The record abundantly demonstrates that appellant's business is being jeopardized each day by the acts and conduct on the part of appellee in openly and flagrantly violating the terms of his agreement not to compete.

So we have a valid contract and the admitted violation thereof. It thus became the duty of the trial court to properly apply the law to the undisputed facts.

■ It is well settled that in appeals from interlocutory orders in injunction cases the narrow question is whether the trial court abused its discretion in entering the order appealed from. Therefore, the order of a trial court in granting or in refusing to grant a temporary injunction will be reversed only when a clear abuse of discretion is shown. 31 Tex.Jur. Section 224, Pages 345–347; Texas Foundries, Inc. v. International M. & F. W. Union, 151 Tex. 239, 248 S.W.2d 460; Transport Company of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. However, it is equally well settled that if the facts are undisputed and only questions of law are presented, it does constitute an abuse of the trial court's discretion to fail properly to apply the law to the facts. 31 Tex.Jur.2d Sec. 224, Page 349, Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Dallas General Drivers, etc., v. Wamix, Inc. of Dallas, 156 Tex. 408, 295 S.W.2d 873; Rudd v. Wallace (Tex. Civ.App.), 232 S.W.2d 121; Harrison v. Tucker (Tex.Civ.App.), 342 S.W.2d 383.

■ Accordingly, applying these well established rules of law to the record in this case, we are of the opinion that the law is clear and the facts are undisputed, so that the trial court fell into error in not applying the law to the undisputed facts. Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517; Houston Credit Sales Co. v. English (Tex.Civ. App.), 139 S.W.2d 163.

The order of the trial court denying the temporary injunction is reversed and the application remanded to the trial court with instructions to grant a temporary injunction against appellee, restraining him from further violating the terms of his contract with appellant until a trial of the cause can be had, or until otherwise ordered by the court.

Reversed and remanded, with instructions.