M. B. TRAWEEK, Jr., d/b/a Jim Dandy Uniform Supply Company, and Local Uniform Supply Company, Appellant,

v.

John S. SHIELDS, Appellee.

No. 61.

Court of Civil Appeals of Texas.

Tyler.

June 4, 1964.

Edmund L. Cogburn, Dow & Dow, Houston, for appellant.

John S. Shields, pro se.

DUNAGAN, Chief Justice.

This is a suit which was brought by the appellant, M. B. Traweek, Jr., d/b/a Jim Dandy Uniform Supply Company, and Local Uniform Supply Company, for a temporary injunction against the appellee, John S. Shields, to enjoin him from the breach of an employment contract, which contained certain non-competitive covenants. At the hearing on temporary injunction testimony was taken and at the close of the evidence the trial court denied the application for temporary injunction. Appellant has perfected his appeal from that ruling.

The purpose of this suit was to enjoin the defendant, John S. Shields, from the violation of the employment contract. The employment contract was executed March 23, 1963, and the pertinent provision of the same reads as follows:

"6. As a part of the consideration for the execution hereof by Employer, the Employee agrees that he will not for a period of one year from the termination hereof (whether this agreement is terminated by Employer or Employee) engage or work in the selling or renting of any products in competition to those now or then being handled by Employer, within a radius of seventy-five (75) miles of Houston, Texas, by calling on or soliciting customers that are being served by Employer, either for himself or for any other person, firm or corporation, and that he will not directly or indirectly, solicit, divert or take away, or attempt to take away any of the customers of Employer."

The testimony showed that John S. Shields, employed as a route man by Jim Dandy Uniform Supply Company, terminated his employment on August 9, 1963. The testimony of John S. Shields, defendant in this case in the trial court, was that he was employed by Texas Overall Service on the 1st of September, 1963, and handled uniform rentals and industrial towels, soliciting business for the company.

Shields testified that he personally took a contract out and got Galena Park Plumbing Company, a customer of Jim Dandy Uniform Supply Company, signed up with Texas Overall Service in October, 1963, and that he did the same for Bill Raines Humble Station, another customer of Jim Dandy Uniform Supply Company.

The testimony of M. B. Traweek, Jr., plaintiff in this case, appellant herein, showed that a route man such as John Shields was a very important person to his company, handling all personal complaints with the customer and developing a personal relationship with the customers. Appellant further testified that each route man had a six weeks' training period to begin with, with a guaranteed $75.00 a week salary and that the company further had a practice of paying one-half of the cost of a Dale Carnegie course for the route man. The testimony of the appellant further demonstrated the importance of the route man to to the company since he was very familiar with its business and thus had an advantage upon leaving it over a person not previously employed with Jim Dandy in approaching the company's customers.

The appellant further testified that all of his obligations under the contract had been performed and that John Shields was given all the benefits of route men employed by Jim Dandy. Appellant further testified that he would not have signed the contract or employed any route man without the above set forth provision being part of the contract. Appellant further testified that the two accounts, Galena Park Plumbing Company and Bill Raines Humble Station taken away from Jim Dandy by appellee, averaged a total of approximately $80.-00 per week which business had substantial value to appellant.

■ There can be no doubt as to the validity of the contractual provision in question, since its propriety is fully supported by numerous authorities.

The appellant, by his single point of error, says that the trial court erred in refusing to

temporarily enjoin the appellee, who clearly had violated his employment agreement not to call on or solicit customers of appellant and not to divert or take away or attempt to take away any of the customers of appellant after terminating his employment with appellant, since such refusal constituted an abuse of the discretion of the trial court.

■ Appellee has not filed a brief and did not avail himself of oral argument. He has not challenged in any manner the statements in appellant's brief relative to the facts and the record. The Court of Civil Appeals must assume as true all facts stated by appellant in his brief and render judgment in conformity therewith. Rule 419, Texas Rules Civ.Proc.; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520 (writ refused); Coates v. Coates, Tex.Civ.App., 355 S.W.2d 260; Rancher v. Franks, Tex. Civ.App., 269 S.W.2d 926; Hartford Fire Ins. Co. v. Owens, Tex.Civ.App., 272 S.W. 611 (writ refused). However, we have checked the references in appellant's brief and find them to be correct.

The appellee did not file any pleadings in this case and consequently the court is not informed as to the appellee's defense, if any, to this cause of action. He was not represented by counsel in the trial court nor on this appeal. He did appear at the hearing in the trial court, cross-examined appellant's witnesses, and was called to the witness stand by the appellant, and testified. Appellee did not call any witnesses to testify nor offer any evidence in his behalf. There is no complaint raised by the appellee that the restraint imposed upon him by virtue of the contract (which he admitted in open court he signed) was not reasonable or that the contract is unenforceable for any reason.

The language, or substantially the same language, used in the above-quoted paragraph of the employment contract involved herein has been upheld in Jennings v. Sheperd Laundries Co., Tex.Civ.App., 276 S.W. 726 (error dismissed); Blaser v. Linen Service Corporation of Texas, Tex.

Civ.App., 135 S.W.2d 509 (error dismissed, judgment correct).

Under the customs and usages of modern business, an employee is frequently required to promise, as part of his contract of employment, that he will not engage in a similar or competitive business, either for himself or for another, for a specified period of time after the termination of the contract. 13 Tex.Jur.2d, p. 398, Sec. 189.

In the case of John L. Bramlet & Company v. Hunt, 371 S.W.2d 787 (writ refused n. r. e.) the court said:

"There was a time in our jurisprudence when covenants not to compete were held to be unenforceable because in restraint of trade and contrary to public policy. However, under the customs and usages of modern business practice it is now well established that contracts ancillary to employment involving trades or professions are enforceable, though amounting to limited restraint of trade, where they are reasonably limited as to time and space. Some cases even go so far as to uphold such restrictive covenants, even in the absence of a time limitation, where the agreement is reasonably limited as to area. 13 Tex.Jur.2d Section 189, Pages 398–400, Krueger, Hutchinson & Overton Clinic v. Lewis (Tex.Civ.App.), 266 S.W.2d 885, affirmed 153 Tex. 363, 269 S.W.2d 798; Randolph v. Graham, Tex.Civ.App., 254 S.W. 402, 58 A.L.R. 168."

And, as stated above, there is no contention made in this case that the time or space limitation is unreasonable.

The sole question before this court is, under the facts as stated in appellant's brief did the appellee, John Shields, violate the provision of the contract in question. He admitted that he called upon Galena Park Plumbing Company, which he knew was a customer of Jim Dandy, and got them to sign a contract for uniforms and took measurements for same. Also, that he took

the contract out to Bill Raines and got him to sign a contract and took measurements for uniforms. In this regard the appellee gave the following testimony:

"Q Are you familiar with Galena Park Plumbing Company?

"A Yes.

"Q Did you know that it was a customer of Jim Dandy Uniform Supply Company when you were with them?

"A When I was with Jim Dandy?

"Q Yes.

"A Yes.

'Q Who services Galena Park Plumbing Company now?

"A Texas Overall Service.

"Q Do they have a signed contract with Texas Overall Service?

"A Yes, they do.

"Q Who took the contract out and got them to sign it up?

"A I took it out and had the lady sign it.

"Q And measured them for uniforms?

"A Yes.

  \*    \*    \*    \*    \*    \*

"Q You took the contract out there and signed up Bill Rains on it?

"A He signed it himself, I didn't sign it.

"Q Did you sign it on behalf of Texas Overall?

"A Yes, I did.

"Q You measured them for uniforms and took care of the necessary details in order to get Texas Overall's stock?

"A That's right.

"Q And you did the same thing for Galena Park Plumbing Company?

"A That's right."

The testimony of the appellee that he called upon Bill Raines and Galena Park Plumbing Company and obtained a contract from them and performed other necessary duties to obtain their business, knowing that they were customers of Jim Dandy, was an admission that he violated the provision of the contract in which he agreed not to call on customers that were being served by Jim Dandy for one year after termination of his contract within a 75-mile radius of Houston, Texas.

■ So we have a valid contract and the admitted violation thereof. It thus became the duty of the trial court to properly apply the law to the undisputed facts.

■■ It is well settled that on appeals from interlocutory orders in injunction cases the narrow question is whether the trial court abused its discretion in entering the order appealed from. Therefore, the order of a trial court in granting or in refusing to grant a temporary injunction will be reversed only when a clear abuse of discretion is shown. Texas Foundries, Inc. v. International Moulders & F. Wkrs. Union, 151 Tex. 239, 248 S.W.2d 460; Transport Company of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; John L. Bramlet & Company v. Hunt, supra. However, it is equally well settled that if the facts are undisputed and only questions of law are presented, it does constitute an abuse of the trial court's discretion to fail properly to apply the law to the facts. 31 Tex.Jur.2d, Sec. 224, p. 349; Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Dallas General Drivers v. Wamix, Inc., 156 Tex. 408, 295 S.W.2d 873; Rudd v. Wallace, Tex.Civ.App., 232 S.W.2d 121; Harrison v. Tucker, Tex. Civ.App., 342 S.W.2d 383; Bramlet & Company v. Hunt, supra.

■ Accordingly, applying these well-established rules of law to the record in this case, we are of the opinion that the law is clear and the facts are undisputed, so that the trial court fell into error in not applying the law to the undisputed facts. Southland Life Insurance Co. v. Egan, supra; Bramlet & Company v. Hunt, supra; Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517; Houston Credit Sales Co. v. English, Tex. Civ.App., 139 S.W.2d 163.

For the reasons above stated, the order of the trial court is reversed and the cause remanded with the direction that the temporary injunction be issued upon plaintiff complying with the provisions of Rule 684, Texas Rules of Civil Procedure.

Reversed and remanded with directions.