(119 App. Div. 42)

## TOLMAN v. MULCAHY.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

INJUNCTION—TEMPORARY INJUNCTION—EMPLOYMENT.

Complainant, a money lender, doing business on a unique plan, employed defendant under a written contract that she would not reveal anything to any one outside complainant's service concerning complainant's system, forms, or methods of business, and would not, for two years after leaving his service, engage personally in the same business or enter the employment of any of complainant's competitors in the city of Brooklyn or vicinity. A complaint to enforce such agreement charged that defendant had left such employment and entered the employment of another concern doing a similar business, to which she had communicated the knowledge she had previously acquired concerning complainant's business forms, etc., as a consequence of which complainant's busi-

ness and profits were diminished. The answer alleged that complainant's business was unlawful, consisting of usurious transactions; that the agreement was unconscionable;' that defendant was induced to sign it by complainant's fraudulent representations, without knowledge of its contents; that defendant was compelled to leave complainant's employ because of the small compensation she received; and that she had a sister and aged mother dependent on her for support. *Held*, that complainant's right to relief was doubtful, and it was not error for the court to refuse a preliminary injunction restraining defendant from continuing in her present employment, but restraining defendant's disclosure of complainant's forms and modes of business pendente lite.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 309.]

Appeal from Special Term, Kings County.

Suit by Daniel H. Tolman against Nellie I. Mulcahy. From so much of an order as denied complainant a temporary injunction restraining defendant from continuing in her present employment during the pendency of the action, he appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Simis & Coyle, for appellant.

Abraham Levy, for respondent.

RICH, J. The plaintiff appeals from so much of an order made at Special Term as denies his motion for a temporary injunction restraining the defendant from continuing in her present employment, or the employment of others in the same line of business as the plaintiff, for a period of two years from the 28th day of September, 1906. The plaintiff is engaged in the business of making loans of money to individuals, firms, and corporations in the borough of Brooklyn. The complaint alleges that his business requires a unique, technical, extraordinary, special, and peculiar knowledge, as well as methods and forms for its conduct, which was taught the defendant after her execution of a contract reciting that in consideration of her employment and acquisition of knowledge of the business she would not divulge or reveal anything to any one outside the service of the plaintiff "concerning the system, forms, or methods of said business, and will not for a period of two years after leaving said position engage personally, directly or indirectly, in the same business, or enter the employment of any other person, firm, or corporation, within the said city of Brooklyn, N. Y., or vicinity, in the same business." It is then alleged that the defendant is engaged in a like business, as an employé, with the firm of Patterson & Co., doing business in the city of Brooklyn, and has been and is communicating the knowledge, including methods and forms, acquired by her of plaintiff's business to her present employers and other persons, as a consequence of which plaintiff's business and profits are being diminished. The relief asked is that the defendant be enjoined and restrained from continuing her employment with Patterson & Co., or entering the employment of any other person, firm, or corporation, within the borough of Brooklyn or its vicinity, engaged in the same kind of business as the plaintiff, and be enjoined and restrained from communicating, divulging, or revealing anything to any one concerning the system, forms, or methods of plaintiff's business, directly or indirectly.

The answer puts in issue all of the material allegations of the complaint, with the exception of defendant's past employment by plaintiff and present employment by Patterson & Co., and alleges affirmatively that the agreement referred to was unconscionable, unjust, and inequitable, against public policy, and in restraint of trade; that plaintiff's business was unlawful, consisting in usurious transactions with his customers, conducted in violation of and as an evasion of law; that said agreement was without consideration, and that defendant was induced to sign it by false and fraudulent representations that the same was a mere matter of form, and without knowledge on her part of its contents. The plaintiff moved upon the complaint, verified by one of his attorneys, and the affidavit of one Margaret Cavanaugh, an employé of plaintiff, that the matters therein stated were true. In addition to the answer, which was verified by the defendant, her affidavit was read in opposition to the motion, from which it appeared, among other things, that she was compelled to leave the plaintiff's employment because of the small compensation she received, which had not been increased during the two years of her service, and that she had a sister and aged mother dependent upon her for support.

The learned justice at Special Term granted the motion to the extent of enjoining and restraining the defendant from communicating, divulging, and revealing plaintiff's forms or methods employed in his business, directly or indirectly, or sending letters to plaintiff's customers relative to such matters, during the pendency of the action, and denied the motion for a temporary injunction restraining her from continuing in her present employment. In so doing I think he was clearly right. It is doubtful whether the plaintiff is entitled to the relief demanded, and in such cases a temporary injunction will not be granted. That strict enforcement of a contract right · will not be granted when such enforcement would impose great hardship upon one contracting party, with little or no corresponding benefit to the other, is a well-settled equitable principle. Crocker v. Manhattan Life Ins. Co., 61 App. Div. 226, 233, 70 N. Y. Supp. 492. In the case at bar, defendant's statement is that she was induced to sign the contract by false and fraudulent representations and without knowledge of its contents. The learned justice presiding at Special Term was justified in refusing to enforce the contract provision relating to employment by other parties by injunction until the trial of the action established the validity of the contract. Defendant has been restrained from disclosing any of the forms or methods employed by the plaintiff in the conduct of his business, and I am unable to comprehend how the plaintiff is to be injured during the pendency of the action by another firm.

The order must be affirmed, with $10 costs and disbursements. All concur.