OSIUS *v.* HINCHMAN.

1. INJUNCTION—BILL — SUFFICIENCY — WITHDRAWAL OF CLAIMS—EFFECT.

A bill for an injunction restraining defendant from engaging within five years in the practice of dentistry in Muskegon, contrary to the terms of a contract of employment with complainant, was founded upon the claim that complainant, by discovery and otherwise, had obtained certain secret and valuable processes, formulæ, and methods of doing business which, during the time of defendant's employment, had necessarily come to his knowledge and use, and that defendant threatened to go into business for himself and to use and disclose said secrets to the irreparable injury of complainant. Upon the hearing, complainant withdrew the question of trade secrets entirely from the consideration of the court. *Held,* that nothing remained of the bill except the attempt to enforce the provision of the contract against engaging in business, as to which the remedy at law is adequate.

2. Same—Violation of Contract—Employment.
　　A breach by an employé of a contract of employment involving no special skill or circumstances will not be enjoined for the reason that a substitute can be readily supplied and the remedy at law is adequate.

3. Same—Breach of Contract—Engaging in Business — When Granted.
　　A breach of a contract not to engage in a particular business in a particular locality for a limited time, not ancillary or incidental to a contract by which the complainant acquires an interest in the business to be protected, will not be enjoined.

Appeal from Muskegon; Sessions, J. Submitted June 13, 1907. (Docket No. 90.) Decided January 6, 1908.

Bill by Frederick Osius against Frank B. Hinchman to enjoin defendant from entering into business contrary to the terms of a contract. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Cross, Lovelace & Ross* ( *Richard L. Newnham*, of counsel ), for complainant.

*Nims, Hoyt, Erwin & Vanderwerp*, for defendant.

McAlvay, J. Complainant's assignor, a firm composed of himself and others, which was engaged in the business of general dentistry in several cities in Michigan, including the city of Muskegon, on July 2, 1904, entered into the following agreement in writing with the defendant who was a practicing dentist:

"Memorandum of agreement, made and entered into this 2nd day of July, A. D. 1904, by and between the Gratiot Dental Company, a copartnership of and with its head and main office at Detroit, Michigan, party of the first part, and Dr. F. Hinchman, of Port Huron, party of the second part.

" *Whereas*, said party was and now is organized for and is now engaged in the business of general dentistry, with the object and purpose of establishing dental offices in various cities in the several counties throughout the State of Michigan, and

" *Whereas*, said first party by experience and diligent

study in and through the science of dentistry is using modern methods by means of which it is enabled to do, perform and execute the work of general dentistry superior to in point of durability, workmanship and appearance to other dental establishments that follow the old methods and use the heretofore usual or ordinary dental material and supplies, and

" *Whereas*, said first party, being desirous of protecting itself in securing and maintaining *the exclusive use of the above mentioned new discovered methods of doing business*, hereby enters into the following contract of agreement by and with said second party as follows:

"Said first party, for and in consideration of the fulfillment of the agreements, promises and engagements of said second party, hereby agrees to employ and does employ said second party, to perform the work and professional services of general dentistry at Muskegon, in Michigan, and hereby agrees to pay second party, a salary of and at the rate of twenty-five dollars per week so long as second party's services and deportment is satisfactory to said first party.

" Second party in consideration of the above-mentioned employment and the payment of the aforesaid salary hereby agrees to faithfully execute the labors of his engagement in a good, professional and workmanlike manner, and to conduct himself in such a way as shall serve the best interests of said first party.

"Said second party further undertakes and promises that in the pursuit and course of his employment and also after the term of his employment with first party shall terminate, he will not engage within five years in the same business of dentistry in any city in the State of Michigan, wherein said first party shall have an office for the aforesaid dental purposes, and also that said second party shall not at any time divulge or make known any of the secrets, plans, methods or processes by which said dental work and profession is conducted and carried on.

"In witness whereof, the parties hereunto set their hands and seal the day and year first above written.

"Gratiot Dental Parlors,

" Signed, sealed and          "Per F. Osius, Genl. Mngr.
delivered in the                  " F. B. Hinchman.
presence of,

----------------------------- "
-----------------------------

Later the firm was dissolved and the business continued by complainant who succeeded to all the rights of the firm in and to the business and the contract in question.

Defendant in 1903 had been employed by the same parties under a similar contract. The employment under the contract in suit continued until March 1, 1907, when defendant left the employment of complainant with the expressed intention of opening an office for himself in Muskegon and engaging in the business of dentistry.

Complainant, on March 19th, filed his bill of complaint in this cause and obtained a temporary injunction restraining defendant from engaging, within five years after leaving his employment, in the business of dentistry in the city of Muskegon, and also from divulging or making use of any of the secrets, formulæ, plans, or processes of complainant and used by him in the conduct of his business. Defendant filed a sworn answer to this bill of complaint, denying all the allegations of complainant's bill relative to trade secrets, and denying that any such secrets had been disclosed to him and that he had any knowledge of such matters, and made a motion to dissolve the injunction. This motion was not passed upon until the final hearing. The case was heard upon bill, answer, and replication. Upon the hearing complainant withdrew the question of trade secrets entirely from the consideration of the court. A decree was granted complainant declaring the agreement not to engage in business valid, and permanently enjoining defendant from engaging in such business of dentistry in Muskegon for five years after March 1, 1907. Defendant has appealed from this decree.

It will not be necessary to repeat the material allegations of the bill of complaint. It was founded upon the claim that complainant by discovery and otherwise had obtained certain secret and valuable processes, formulæ, and methods of doing business which, during the time of defendant's employment, had necessarily come to his knowledge and use; that defendant threatened to go into business for himself and to use and disclose said secrets,

and that the use by him of such trade secrets would be an irreparable injury to complainant, and he therefore asked the assistance of a court of equity to protect him in his rights.

The bill as filed probably stated a cause of action entitling complainant to relief. But all of this frame work upon which the bill rested, touching the complainant's rights to be protected in the exclusive use of his trade secrets, was stricken from this bill of complaint when the matter of trade secrets and any and all claim thereunder was entirely withdrawn from the consideration of the court. Nothing is left of the contract the breach of which is sought to be restrained and enjoined by this bill except the negative agreement relative to refraining from doing business for a term of years after leaving complainant's employment. There are no allegations in the bill that complainant will suffer irreparable loss on account of the breach of this agreement; nor that complainant's remedy at law is inadequate. No allegation or showing is made that his damages are not easily ascertainable, nor that his place cannot be readily filled.

After eliminating the matter of trade secrets, the contract sought to be enforced is a contract of employment containing this negative agreement, requiring no special skill other than that which could be rendered by an ordinary dentist. A breach by an employé of such a contract will not be enjoined for the reason that a substitute can be readily supplied and the remedy at law is adequate. 22 Cyc. p. 857, and cases cited; *H. W. Gossard Co.* v. *Crosby*, 132 Iowa, 155.

In this last case the court said:

"Even when there is an express negative covenant, the authorities all agree that an injunction will not be granted save in those exceptional cases where the promised service is of a special, unique, unusual, and extraordinary or intellectual character which gives it peculiar value the loss of which cannot be reasonably or adequately compensated in damages in an action at law."

The case was quite similar to the case at bar as now presented and it was held, as we think it must be held in this case, that the controversy was the ordinary one arising daily between master and servant and employer and employé, the settlement of which is peculiarly within the province of law and not a subject of equitable consideration. Complainant has made out no case whatever showing that he is entitled to the equitable relief prayed. There is an entire absence of reliance upon any such claim in the bill. Complainant, having failed to show that he has in reality suffered any loss, or will suffer any loss by reason of the acts of defendant, or that he is in any way actually prejudiced by such acts, or that the enforcement of the agreement was necessary to his protection, is not entitled to relief. *Oppenheimer* v. *Hirsch*, 5 App. Div. (N. Y.) 232.

The Michigan cases cited by complainant in support of the proposition that a breach of this bare contract not to engage in the business of dentistry for a period of years in Muskegon do not seem to us to be in point. Not one of these cases is similar to the case at bar, and in none of them is the contention of complainant asserted. In all of them there were sales either of a stock of goods or a business or a professional practice and the good will attending them, accompanied by an agreement not to engage in business in the locality. These cases are of the same class as *Beal* v. *Chase*, 31 Mich. 490, and are all cases where the restraining contract is incidental to, and in support of, another contract or sale by which the purchaser acquires some interest in the business needing protection. 24 Am. & Eng. Enc. Law (2d Ed.), pp. 851, 852, and cases cited; *Clark* v. *Needham*, 125 Mich. 86 (51 L. R. A. 785).

The contract under consideration as submitted to the court is not of that class. It is not ancillary to another agreement, and therefore not specifically enforceable. Several other important questions are discussed in the

briefs of counsel which do not require attention for the reason that complainant is not entitled to relief.

The decree of the circuit court is reversed, and a decree will be entered dismissing the bill of complaint, with costs of both courts to defendant.

GRANT, C. J., and HOOKER, MOORE, and CARPENTER, JJ., concurred.