### SUPER MAID COOK–WARE CORPORATION v. HAMIL et al.

#### No. 6209.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1931.

Rehearing Denied July 30, 1931.

Edwin C. Hollins, of New Orleans, La., and Samuel J. Andalman, of Chicago, Ill., for appellant.

A. N. Moursund, of San Antonio, Tex., and John P. Bullington, of Houston, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal has for its object the reversal of the decree of the court below which refused to enforce by injunction two restrictive covenants, under one of which each defendant agreed that "he would not for a period of one year, immediately after the termination of this contract, either for himself or for any other person, firm or corporation, either directly or indirectly, sell or attempt to sell any aluminum cookware, or solicit the purchase of the same in any city or community in which he shall have operated under this agreement, and within a radius of one hundred miles of each such city or community," and under the other that he would not, for the same period, enter into such business anywhere within the territorial limits of the United States.

We think it should be said that the case as presented here, and as finally presented in the court below, is a very different case from that which, upon a petition bristling with charges of fraud and conspiracy, of unfair

competition and unfair trade, was first presented there. Upon those allegations plaintiff, of course, had a right to have his case go to the jury, as none have a right by conspiracy to disrupt the business of another, and it is a recognized head of equity jurisdiction to relieve against unfair competition, unfair trade. Instead of standing by his case as thus presented, plaintiff, without repleading, rearranging, or realigning his facts, undertook in the lower court, by dismissal of all the causes of action but one, to excise and exclude from his pleadings all allegations of fact except those presenting the making of the contract with its restrictive covenants, the delivery to the employee defendants of trade lectures, selling talks, and supplies, the leaving of its employ by defendants, their entry contrary to the restrictive covenants upon the business of selling aluminum ware, and all questions except the one question of the right of plaintiff to enforce these covenants by injunctive decree.

The court below sustained defendants' motion to dismiss this cause of action, and this appeal followed.

Appellant contends that, since the contract by its terms is to be construed as an Illinois contract and in accordance with the laws of Illinois, not Texas decisions, but those of Illinois, should control upon the question of the enforceability of the covenants; appellees that, since the public policy of the state of Texas is involved, the views of the Texas courts must control.

While we agree with appellees in this position, Union Trust Co. v. Grossman, 245 U. S. 412, 38 S. Ct. 147, 62 L. Ed. 368; Davis v. Jointless Fire Brick Co. (C. C. A.) 300 F. 1, we find the distinction unimportant, for it is our view that neither under the laws of Texas, of Illinois, nor of any other state should a court of equity grant its decree to enforce these covenants.

 Appellant by its prayer for injunctive relief prima facie puts itself in the position of seeking, by contract, to deprive appellees of the right to earn their livelihood. Equity places upon it the burden of showing that the contract was fair, the restrictive covenants reasonable, and that they have a real relation to, and are really necessary for, the protection of appellant in the business to which the covenants are an incident. For, fundamentally, in and of themselves these covenants are in restraint of trade, and unenforceable. It is a settled principle of law that no man may, per se, contract with another that that other will not follow a calling by which he may make his livelihood. It is only when they are incidental to some contract which is reasonable in its purpose and its terms, and it is necessary to the protection of the rights of the employer under such contract, that the validity of restrictive covenants will be recognized and enforced, and then only when they are themselves reasonable, no public interests are involved, and the restriction is limited to the very point of the necessity of protecting contract rights, to which the covenant is incidental. In short, it is never the covenant itself, but the covenant in relation to the facts of the situation or contract to which it is incidental, which may be valid.

 Further, it is well settled that, while a court of equity will in proper cases issue its writ of injunction to enforce covenants of this kind, it will not do so unless the whole matter appears equitable; that is, unless it rests upon a contract which is fair in its terms, involves no imposition nor injustice, and the private interests of the employer in the subject-matter of the contract to which the restrictive covenant is incidental, requires in good faith for its protection the enforcement of the covenant. Hepworth Mfg. Co. v. Ryott [1920] 1 Ch. 1, 9 A. L. R. 1484; Samuel Stores v. Abrams, 9 A. L. R. 1450, note; Taylor Iron & Steel Co. v. Nichols, 73 N. J. Eq. 684, 69 A. 186, 24 L. R. A. (N. S.) 933, 133 Am. St. Rep. 753; Kinney v. Scarbrough Co., 138 Ga. 77, 74 S. E. 772, 40 L. R. A. (N. S.) 473; Herbert Morris, Ltd. v. Saxelby, 1 App..Cas. 688; Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312, 140 N. E. 708, 29 A. L. R. 1325; Club Aluminum Co. v. Young, 263 Mass. 223, 160 N. E. 804; Mentor Co. v. Brock, 147 Minn. 407, 180 N. W. 553, 20 A. L. R. 857; Southern Properties v. Carpenter (Tex. Civ. App.) 21 S.W. (2d) 372, 373.

 Appellant, recognizing that this is the general rule, invokes and cites that line of cases involving the ice man and the laundry man, about whose recurrent visits a large and essential part of the life of the average household revolves, whose access to the households of and personal contacts and standing with their customers, because their activities are periodical and recurring, furnish really the substantial basis of the good will of such businesses, and are intimate to their very creation and maintenance. Cali v. National Linen Service Corp. (C. C. A.) 38 F.(2d) 35; Carpenter v. Southern Properties (Tex. Civ. App.) 299 S. W. 440; Jennings v. Shepherd Laundries Co. (Tex. Civ. App.) 276 S. W. 726; Colonial Laundries v. Hen-

ry, 48 R. I. 332, 138 A. 47, 54 A. L. R. 343; Empire Steam Laundry v. Lozier, 165 Cal. 95, 130 P. 1180, 44 L. R. A. (N. S.) 1159, Ann. Cas. 1914C, 628; Sherman v. Pfefferkorn, 241 Mass. 468, 135 N. E. 568.

Appellant seeks also to analogize this case to and invoke precedents in cases where some secret process or information has been divulged, and it is being used contrary to the covenant, such as was the case of Pfefferkorn, where the court, refusing to enjoin an employee from taking employment, enjoined him only from breaching that clause of his contract which forbade the disclosure of the names of his customers, holding that the decree which had enjoined him from taking employment was wrong because the clause of the contract which forbade that went too far. "The facts of each case," said the court "must decide the measure of relief in it."

The point that it is unfair competition which equity enjoins, and, except in particular cases, not the mere taking of new employment is well illustrated in the two cases cited by appellant supra, Colonial Laundries v. Henry, 48 R. I. 332, 138 A. 47, 54 A. L. R. 343, and Empire Steam Laundry v. Lozier, 165 Cal. 95, 130 P. 1180, 44 L. R. A. (N. S.) 1159, Ann. Cas. 1914C, 628, where the injunction was against, not the taking of new employment, but the unfair solicitation of customers which the laundry drivers had gained access to or acquaintance with through their contract with plaintiff.

While the petition of appellant does contain many general allegations of secrets disclosed to, and good will lodged in the hands of, appellees, the facts as shown by the papers and documents attached to the bill make it perfectly clear that here no secrets of any kind were disclosed, no confidential information was furnished, no good will was lodged in the hands of the appellees, nor was any good will taken by them from appellant. The case is merely one of a restrictive covenant, which, depending upon its own terms for its validity, for it has no incidental relation to any contract right of appellants which its enforcement is necessary to protect, must, because of the general prohibition against such contracts, fall.

Besides, we think that, apart from any other consideration, the so-called contract, denominated in the document a "rental agreement," in which the appellant is referred to as "Lessee" and the appellant as "Lessor," is on its face so harsh, unjust, and unreasonable as to the appellants as that it presents nothing moving a court of equity to enforce the negative covenants which it contains.

Without guaranteeing to the defendants one day's regular work, without the obligation of the appellant to employ them or pay them anything, upon a seductive promise of the disclosure of information upon which they may hope to build a profitable line of sales, the appellees are induced to sign a paper which, while it has the general appearance of a contract, but keeps the promise to the ear while it breaks it to the hope. Such a contract, wanting in mutuality, presenting no equitable considerations, a court of equity will not enforce. 9 A. L. R. 1478, note; Carroll v. Giles, 30 S. C. 412, 9 S. E. 422, 4 L. R. A. 154; Tolman v. Mulcahy, 119 App. Div. 42, 103 N. Y. S. 936; Iron Age Pub. Co. v. Western Union Tel. Co., 83 Ala. 498, 3 So. 449, 3 Am. St. Rep. 758; Kimberly v. Jennings, 58 Eng. Reprint, 621, 5 L. J. Ch. (N. S.) 115; Dockstader v. Reed, 121 App. Div. 846, 106 N. Y. S. 795; Gilbert v. Wilmer, 102 Misc. Rep. 388, 168 N. Y. S. 1043; Iron City Laundry Co. v. Leyton, 55 Pa. Super. Ct. 93; Carpenter v. Southern Properties (Tex. Civ. App.) 299 S. W. 440, 441.

The judgment of the court below is affirmed.