## UNION TRANSFER & STORAGE CO. v. GREVE.

### No. 10961.

Court of Civil Appeals of Texas. Galveston.

July 27, 1939.

Rehearing Denied Sept. 28, 1939.

Irving G. Mulitz, of Houston, for appellant.

Vinson, Elkins, Weems & Francis, of Houston (W. S. Elkins and C. M. Hightower, both of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal, brought to and advanced in this court pursuant to R.S.Art. 4662, is from an order of the 80th District Court of Harris County, entered after a full hearing on the facts from both sides, refusing, at appellant's application, to temporarily enjoin and restrain the appellee from engaging in the transfer and storage business, or a business of a similar line, in Houston, Texas, either for himself or for another person, firm, or corporation, for a period of five years from and after November 1 of 1938, as for an alleged violation of the terms of this preexisting contract of employment between the parties, which was shown to have been terminated by the resignation of the appellee from such employment on November 1 of 1938, to-wit:

"State of Texas

"County of Harris.

"This agreement entered into by and between Union Transfer & Storage Co., its successors and assigns, hereinafter designated 'Employer', and J. G. Greve, hereinafter designated 'Employee'.

"1. For and in consideration of employment on a monthly basis by employer, such employment to consist of any duties which employee may be called upon to perform in connection with the general transfer and storage business including packing, cartage, storage, and/or any services rendered by employer, employee agrees that in the event

his employment is terminated for any reason, he will not injure or attempt to injure employer's business and/or solicit business from employer's customers by communicating with, or otherwise getting in touch with employer's customers, directly or indirectly, in any way or manner for a period of five (5) years after such employment is terminated.

"2. Employee further agrees that in the event of termination of his employment for any reason, he will not engage in the same or similar line of business in the City of Houston, either for himself or another person, firm, or corporation, for a period of five (5) years following termination of his employment.

"Executed this 25th day of February, A. D. 1931.

> "Union Transfer & Storage Co.
> "By L. G. Riddell, President.
> "(Signed)    J. G. Greve."

As is obvious from preceding recitations, the declared-upon violation thereof occurred seven and a half years after the employment-contract between the parties was made, and it is not charged, nor could it successfully have been under the undisputed evidence received upon this trial, that the appellee had ever failed to live up to any of his undertakings detailed in paragraph 1 of that contract; the only legal grievance advanced by appellant as a basis for the injunctive-relief it sought was that growing out of the second paragraph, whereby the appellee was "Not to engage in the same or a similar line of business in the City of Houston, either for himself, or another person, firm, or corporation, for a period of five years following termination of his employment."

■ As indicated, the learned trial court refused the prayer for the sought-for writ, after full hearing without a jury upon evidence presented for both parties, but did not file findings of fact, nor were any requested by either side; wherefore, all reasonable presumptions in favor of there having been sufficient evidence to sustain the trial court's judgment will be indulged.

■ So that, this appeal presents the ordinary instance of where, on a review of a trial court's action in refusing a writ of temporary injunction, the sole question is as to whether or not the record discloses an abuse of a sound judicial discretion: 24 Tex.Jur., p. 313, par. 253, and cited authorities.

■ After a careful review of this record, inclusive of the statement of facts, it is determined that no such abuse has been made to appear in this instance; upon the contrary, that the evidence supports the action of the court below, in that, as applied to the attending circumstances, this declared-upon restrictive covenant was shown by the testimony to have merely amounted to an attempt by contract to interfere with the right of the appellee to earn his livelihood; further, that its enforcement was neither reasonable as affected the situation of the appellee, nor necessary for the protection of the appellant's business or good will, nor did it in any sense constitute a security for any right appellant had parted with for a consideration; hence the visitation of the declared-upon restriction was properly denied, under well-settled authority: 10 Tex. Jur., p. 227, sec. 133; Byers v. Trans-Pecos Abstract Co., 1929, Tex.Civ.App., 18 S.W.2d 1096, writ dismissed; May v. Lee, Tex.Civ.App., 28 S.W.2d 202; Miller v. Chicago Portrait Co., 1917, Tex.Civ.App., 195 S.W. 619, writ refused; Super Maid Cook-Ware Corporation v. Hamil, 1931, 5 Cir., 50 F.2d 830, writ of certiorari denied; Osius v. Hinchman, 150 Mich. 603, 114 N. W. 402, 16 L.R.A.,N.S., 393; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Fort v. Moore, Tex.Civ.App., 33 S.W.2d 807.

In other words, this declaration of the applicable rule of law to like cases on the facts, as made by the Fifth United States Circuit Court of Appeals in the Hamil case, supra, [50 F.2d 831], through Judge Hutcheson, is apropos here: "Appellant by its prayer for injunctive relief prima facie puts itself in the position of seeking, by contract, to deprive appellees of the right to earn their livelihood. Equity places upon it the burden of showing that the contract was fair, the restrictive covenants reasonable, and that they have a real relation to, and are really necessary for, the protection of appellant in the business to which the covenants are an incident. For, fundamentally, in and of themselves these covenants are in restraint of trade, and unenforceable. It is a settled principle of law that no man may, per se, contract with another that that other will not follow a calling by which he may make his livelihood."

The cited Byers case, Tex.Civ.App., 18 S.W.2d 1096, is likewise on all-fours with the cause at bar, having been determined upon the legal equivalent of the same state

of facts. This declaration of the El Paso court there might, by paraphrase, be made to completely fit the situation here presented, to-wit:

 "In the case at bar, appellees' only allegation is that appellant, during the time he was employed by them, acquired knowledge of their business, clientele, books, records, and methods, and that, if he is allowed to continue in the operation of his abstract company, they will suffer irreparable injury for which they have no adequate remedy at law.

"There is no allegation or proof that they used other than the ordinary methods used by abstract companies, and therefore they would not be entitled to invoke the protection of a court of equity to prevent their use. * * *

"Therefore the irreparable injury, which appellees allege will result from the continuance of appellant in the abstract business, resolves itself down to the injury which might come to them from the competition afforded by appellant's company.

"Nor is there any showing that the services were of such a character that the same service could not be obtained from others."

The causes thus likened to this one—along with it—are distinguishable from many of those appellant relies upon, such as Linen Supply Corporation of Texas v. Myres, Tex.Civ.App., 128 S.W.2d 850; Parisian Live Dyers & Cleaners v. Springfield, Tex.Civ.App., 275 S.W. 1098; Jennings v. Shepherd Laundries Co., Tex.Civ. App., 276 S.W. 726; Texas Ice & Cold Storage Co. v. McGoldrick, Tex.Civ.App., 284 S.W. 615; and City Ice Delivery Co. v. Evans, Tex.Civ.App., 235 S.W. 87, in that, in each of them there was either a sale of the business—together with the good will of the concern—to the party seeking to enjoin the other, or the writ was sought to prevent a person from pursuing a regular route of his former employer he had previously followed in conducting its business for it, or from soliciting former customers he had built up for such employer, in behalf of his new employer. This is the class of cases where the courts have held that agreements by employees not to engage in similar business for a specific time within a designated territory, in last analysis, amount on the employer's part to making secure that which he had previously sold for a consideration, hence in such instances an injunction was proper; that situation, however, is a far cry from this one, where the appellant made no such claim, the nearest he got to it being his mere allegation that the appellee "was in a position to divert the patronage of customers of the Union Transfer & Storage Company, and that appellant's business would be severely and irreparably damaged unless injunctive relief were granted." But, as recited supra, there was no proof that any such diversion of patronage ever took place—upon the other hand, there appeared proof that it did not—nor was there any showing whatever of any resulting damage to the appellant from the appellee's acts; in a word, as stated by the court in the Byers case, as above quoted, such alleged "irreparable injury" would resolve itself down to only such injury as might come to it from the competition afforded by the appellee's new affiliation. That, however, by all the authorities cited, would not justify the interposition of equity.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.