**HARTKOPF v. SOUTHLAND CORPORATION.**

**No. 10109.**

Court of Civil Appeals of Texas. Austin.

March 11, 1953.

Rehearing Denied April 1, 1953.

W. R. Smith, Jr., Austin, for appellant.

Jones, Herring & Jones by Herman Jones, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the 126th Judicial District Court of Travis County granting an injunction restraining the appellant from distributing or selling milk or milk products within a territory set out in the order.

The appeal is founded on three points assigned as error and are:

Point No. 1: The error of the trial court in rendering judgment granting injunction for the reason that Appellee had an adequate remedy at law.

Point No. 2: The error of the trial court in rendering judgment granting the injunction because the evidence presented no facts showing that Appellee would suffer irreparable injury, damage, and harm unless the injunction should be granted.

Point No. 3: The error of the trial court in rendering judgment granting the injunction for the reason that the employment contract sued upon is not a valid and binding obligation enforceable against the appellant.

The appellee, Southland Corporation, does business in Austin, Travis County, Texas, under the name Oak Farms.

The parties hereto entered into an agreement on January 13, 1950, by the terms of which Oak Farms, appellee, employed Archy Hartkopf, appellant, to drive a truck for the delivering of milk and other dairy products, upon such route or routes as the employer might designate to serve customers assigned to or secured by the employee or by the employer, to canvass for new customers, etc., and such other duties as may be assigned to employee by employer, for which the employee was to be paid a commission as weekly salary. One section of the agreement is in part as follows:

"In consideration of the premises, and for the protection of the Employer's business and good will of the same, the Employee agrees that he will not engage in the business of selling or delivering milk and other dairy products within the territory covered by any route or routes of which he may have charge while in the employ of the Employer, or within five square blocks therefrom for a term of three (3) years immediately after his employment shall for any reason cease (whether discharged by Employer or voluntarily leaving its service) either on his own account or as agent or employee of any other person, firm, company or corporation, and that he will not, during such period, solicit trade or transfer or attempt to transfer or sell or give to anyone any right or claim or influence which he may have acquired or claimed to have acquired with any of the trade or customer or upon any such route or routes, that he will not assist anyone, directly or indirectly, in doing any of the foregoing things or acts, it being intended that the business, trade and good will of the Employer existing at the termination of this employment or any subsequent employment hereinafter provided shall be fully protected and to this end the Employee further agrees faithfully to keep confident all of the business of the Employer and not

to disclose to any person or persons the name or location of any customer of the Employer, or the business, or the extent or character of the business between the Employer and such customer, and not to do any act or thing which would be violative of the principles of good faith."

Section (5) reads:

"It is further agreed that should said Employee leave the Employer without first having given fifteen days notice of his intention to do so, as provided hereinabove, then said sum of One Hundred Dollars ($100.00) may be retained as liquidated damages for the breach of that provision of the contract."

The appellant contends that the appellee had an adequate remedy at law and that there was no showing of irreparable injury, and that the contract sued on is not a valid obligation enforceable against him.

The appellee takes the position that the contractual covenant is reasonable and necessary for the protection of its business and that it had no adequate remedy at law.

The appellant testified that he signed the agreement with appellee and that this was the only contract he ever had with Oak Farms; that he left the employment of Oak Farms on May 6, 1952, voluntarily and was employed by Comal Cooperative, a company engaged in the sale and distribution at retail of milk or milk products on May 23, 1952, and that he began to contact customers which he had previously served as a driver for Oak Farms and that unless restrained he might or might not continue to solicit customers for Comal Co-op in the territory formerly assigned to him by appellant and served by him while employed by appellant, and that if no injunction was granted that he would go back to the territory and solicit business.

Appellant further testified that he understood that appellee was seeking only to require him to discontinue these acts he had agreed not to do in the contract, and that his agreeing to the terms thereof was a condition of his continuing to work for appellee.

The contract has the following provisions:

"One of the primary considerations for this agreement is the protection of the good will and business which may have been or may hereafter be acquired upon said route. And in consideration of this agreement the good will and business upon said route, now existing or hereafter to be acquired or claimed by him in any manner."

The territory in which appellant had been working for appellee is set out in the pleadings and in the judgment is irregular in form and is in the general northeast portion of the city and is not an extensive area.

D. J. McClellan, a witness for appellee and a former employee, his employment having been terminated November 5, 1951, and had about fifteen years experience in the retail dairy business, and was in charge of securing contracts with route drivers, testified that he did not know of any differences between appellant and appellee.

The witness further testified that the principal contact a milk distributing company has with its customers is the route salesman and relied on such drivers to make contacts with prospective customers, and that a driver has an advantage in carrying customers with him to a new company in the milk business, and that the appellant has an advantage in securing customers for Comal Co-op from Oak Farms because of his acquaintance with the customers.

G. H. Casey, General Manager for Oak Farms, testified that a route salesman can take care of his employer's business, or let it get away, and can increase the business. Witness testified that Mr. Hartkopf did take customers from appellee to Comal Co-op; that there is no way you can measure the extent of the damage, the amount that Oak Farms has suffered as a result of the taking of its customers, but over a period would be quite a bit.

We believe that the covenant in the contract that the employee would not

engage in the business of selling or delivering milk and other dairy products within the given territory for a term of three years immediately after his employment had ceased is a reasonable one for the purposes of protecting appellee's legitimate business interests, and that the appellee did not have an adequate remedy at law, and that the court properly enjoined appellant from violating such agreement. Grand Union Tea Co. v. Walker, 208 Ind. 245, 195 N.E. 277, 98 A.L.R. 963; 28 Am.Jur. p. 301, Sec. 108.

In 24 Tex.Jur. p. 44, the rule is stated:

"Another proper case for injunction is that in which the breach involves unfair competition or an agreement not to compete. But injunction against breach of a restrictive employment contract will be granted only when necessary to protect the plaintiff in business or property rights, when the restraint is reasonable, and when the plaintiff is equitably entitled and is not himself in default."

In McAnally v. Person, Tex.Civ.App., 57 S.W.2d 945, 948, error ref., the Court stated:

"While it is true that appellant had worked for appellee in various capacities for some months prior to the execution of the contract, his subsequent agreement, in consideration of further or extended employment, but to engage in the sale and delivery of ice for himself, or for any other person, firm, or association, etc., for three years in certain territory after ceasing in the extended employment, is supported by sufficient consideration, it being shown that appellant would have been discharged had he not signed the contract." Martin v. Hawley, Tex. Civ.App., 50 S.W.2d 1105; Union Transfer & Storage Co. v. Greve, Tex.Civ.App., 131 S.W.2d 796.

In Blaser v. Linen Service Corp., Tex. Civ.App., 135 S.W.2d 509, 511, writ dism., cor. judgm., the Court stated:

"It will be seen that defendant was in position to come in personal contact with plaintiff's customers, acquire valuable information as to their needs and requirements, and that, engaging in a competing business for himself or for another, the employe was in position to take advantage of such acquired knowledge and acquaintance, thus divert plaintiff's business to himself or to another by whom he might be employed. The customers and good will of a laundry, acquired over a long period of time, by courteous contact of its employes, are valuable assets, and the reasonableness of restrictive covenants not to divert such assets from his employer within the prescribed territory, where the employe had been working, is apparent. Equity will interfere in behalf of the employer and restrain the employe from gaining unfair advantage either for himself or for another, for a time reasonably necessary to protect the employer in his secured business and good will."

We do not believe that the provision in the contract that the forfeiture of the $100.00 deposit as a penalty was intended by the parties as an effort to fix damages and that such provision does not oust equity jurisdiction. Miller v. Chicago Portrait Co., Tex.Civ.App., 195 S.W. 619, error ref.; 28 Am.Jur. 296.

The appellant has cited a number of cases, but we do not believe them determinative of the questions. Some of such cases are: Schneller v. Hayes, 176 Wash. 115, 28 P.2d 273; Super Maid Cook-Ware Corp. v. Hamil, 5 Cir., 50 F.2d 830; May v. Lee, Tex.Civ.App., 28 S.W.2d 202.

There are distinguishing features both as to law and as to facts in the several cases cited by appellant from that existing in this case, and a reading of the cases discloses that each of the opinions recognized the distinctions as between the case the court was dealing with and other cases.

The judgment of the trial court is affirmed.