**PENNSYLVANIA LIFE INSURANCE COMPANY and United Insurance Company of America, Appellants,**

v.

**COMMERCIAL TRAVELERS LIFE AND ACCIDENT INSURANCE COMPANY et al., Appellees.**

No. 18673.

United States Court of Appeals
Fifth Circuit.

May 17, 1961.

1. Sorrells v. United States, 287 U.S. 435, 445, 53 S.Ct. 210, 214, 77 L.Ed. 413.

2. Morei v. United States, 6 Cir., 127 F.2d 827, 835.

Carlisle Blalock, Dallas, Tex., John F. Pearne, Cleveland, Ohio, Arthur Toll, Beverly Hills, Cal., (Robert C. Coplan, Benesch, Friedlander, Mendelson, Gnau & Coplan, Cleveland, Ohio, Gerald R. Coplin, Tobolowsky, Hartt, Schlinger & Blalock, Dallas, Tex., Ely, Pearne & Gordon, Cleveland, Ohio, on the brief), for plaintiffs-appellants.

O. A. Fountain, Robert W. Porter, Dallas, Tex., (Brundidge, Fountain, Elliott & Bateman, Dallas, Tex., Attys., for Commercial Travelers Life and Accident Ins. Co., and George R. Lee; Fleming A. Waters, Dallas, Tex., Atty., for Michael J. Wyckoff; Thompson, Coe, Cousins & Irons, Dallas, Tex., Attys. for Jay B. Rubin and Leslie C. Green, Jr., on the brief), for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal by plaintiff below from an order entered by the district judge, denying plaintiffs' motion and prayer for a preliminary injunction and vacating and setting aside the temporary restraining order theretofore entered in the cause.

Based on claims of unfair competition and unfair trade, the suit sought not only a temporary and preliminary injunction, but a final injunction and damages, and, in denying the claim for interlocutory relief by injunction, the district judge expressly retained for consideration the claim for damages.

In their suit plaintiffs sought relief on four separate and distinct counts.[1]

---

1. These counts summarized are as follows:

(1) In the first count the plaintiffs sought to enjoin the defendants Commercial Travelers, Lee and Wyckoff from copying and misusing the plaintiffs' printed matter;

(2) In the second count the plaintiffs sought to enjoin defendants Commercial Travelers, Lee and Wyckoff from (a) interfering in any manner in the contractual and fiduciary relations between the plaintiffs and their respective agents, representatives and employees and other personnel and (b) inducing the breach of contracts and/or fiduciary obligations by such agents, representatives and employees;

(3) In the third count the plaintiff Penn. Life sought to enjoin defendant Rubin from violating the following three restrictive covenants in the Contract between plaintiff Penn. Life and defendant Rubin:

(a) Not to represent or be connected with any other health and accident or life insurance company engaged in a business similar to the business of the plaintiff Penn. Life within the State of Texas for one year immediately following the termination of his contract with plaintiff Penn. Life;

(b) Not to induce or attempt to induce any supervisors, agents, associates, managers, collectors or employees of plaintiff Penn. Life to terminate their association with said plaintiff in the event of termination of his association with plaintiff Penn. Life; and

(c) Not to induce or attempt to induce any policyholder of plaintiff Penn. Life to cancel, discontinue, or fail to renew his or her insurance with plaintiff Penn. Life;

(4) In the fourth count the plaintiff sought damages in the amount of $150,000.00.

Appellants, attacking the judgment on the ground that the district judge, apparently laboring under the mistaken belief that, under the decision of this court in Super Maid Cook-Ware Corp. v. Hamil, 5 Cir., 50 F.2d 830, and the decision of the San Antonio Court of Civil Appeals in Miller v. Chicago Portrait Co., 195 S.W. 619, the restricted covenants of Green and Rubin not to engage in a competing business following the termination of, and association with, Pennsylvania Life Insurance Company were unenforceable, failed to exercise his discretion in determining the cause and the suit went off on an erroneous conception of the law, insist that his action and order may not be sustained as the exercise of judicial discretion in determining whether plaintiff was entitled to equitable relief.

The appellees join issue with this view and urge upon us that the district judge, in granting or denying a preliminary injunction as sought here, has a broad discretion, and his judgment should not be set aside on this record on the claim that this discretion was abused.

The district judge filed a memorandum,[2] which seems to sustain the contention of the appellant as to the influence on the judge's action of the opinions in the Miller and Super Maid cases referred to by him. In an earlier statement, however, he had said:

"If I find that the decision of Judge Fly does not control the case, I am inclined to believe that I should find against the three defendants on the charge of inducing another man's help to leave him."

thus in effect sustaining factually the claim of plaintiffs that the defendants had done what plaintiffs charged them with doing.

We think it clear that the Super Maid case by this court was based upon an equitable claim of unfair competition and unfair trade, and the court there held that the nature of the contract there involved was such that equity would not enforce it as such without a strong showing that defendants had acted inequitably and that it was not equitable to permit the defendants to reap the benefits of deliberate unfair competition.

■■ The opinion did not hold more than that, and it particularly did not hold what the district judge seemed to think it did, that a contract of the kind in question here could not be enforced against wrongdoers. The decisions of the Texas courts are to the same effect.

---

2. "Memorandum.

"On the prayer for injunctive relief viewed in the light of the decision of Judge Fly in Miller v. Chicago Portrait Co., 195 S.W. 619 (Tex.Civ.App.1917), error ref., and Judge Hutcheson in Super Maid Cook-Ware Corp. v. Hamil, 50 F (2) 830 (5th Cir.1931) cert. den. 284 U.S. [677] 678 [52 S.Ct. 138, 76 L.Ed. 572], we must rule against the plaintiffs urging an injunction against the employees of defendant company. We are inclined to agree with Judge Fly that there is a distinction between the case of where an individual enters into a contract not to re-enter the same field of activity in business, as in the sale of any particular article of merchandise for a given period within a given area. In this case a matter of good will and those things which appertain thereto are subjects that may well be protected by such a contract. There is a distinction here between that of an employee pursuing a line of business in the rendering a service agreeing not to render a like service to any other concern.

"It does reasonably appear, however, from the hearing, pleading, evidence tendered and argument of counsel that there has probably been an inroad made in an aggressive fashion upon the personnel of the business organization of the plaintiffs by the defendant company such as would entitle it to a hearing on the merits upon the issue of damages.

"The injunction will be denied and the case will be left to stand trial on its merits.

"We might not be straying from the proper role of the Court to suggest to the parties that this is a case that might be settled by mutual agreement such as the Defendant paying the costs and agreeing that its solicitors will not approach the former customers of theirs that are connected with the plaintiff companies."

While they do make a distinction between personal contracts of this kind, which in effect are contracts where one man contracts with another that he will not follow a calling by which he may make his livelihood, if the contracts are incidental to a contract which is reasonable in its purpose and its terms and it is necessary to the rights of the employer under such contract that the validity of restricted covenants be recognized and enforced when they are themselves reasonable and no contrary public interests are involved, the restriction, while limited to the very point of protecting contract rights to which the covenants are incidental, will be reasonably enforced. "In short, it is never the covenant itself, but the covenant in relation to the facts of the situation or contract to which it is incidental, which may be valid." Super Maid Cook-Ware Corp. v. Hamil, 5 Cir., 50 F.2d 830, at page 831. In that case, this court, on the same page, said:

"Further, it is well settled that, while a court of equity will in proper cases issue its writ of injunction to enforce covenants of this kind, it will not do so unless the whole matter appears equitable; that is, unless it rests upon a contract which is fair in its terms, involves no imposition nor injustice, and the private interests of the employer in the subject-matter of the contract to which the restrictive covenant is incidental, requires in good faith for its protection the enforcement of the covenant."

Testing this case by these principles, which are the same as those which the courts of Texas recognize and enforce, we think it clear: that plaintiffs made out a case for equitable consideration; that the district judge should have made definite and specific findings of fact and conclusions of law as a basis for his judgment and action; and that for his failure to do so, the judgment should be reversed and the cause remanded for full findings and for further proceedings not inconsistent herewith including, if either party or the court desires it, the taking of further testimony.

Reversed and remanded.