DREVER & ASSOCIATES PROFESSIONAL PERSONNEL SERVICE, Appellant,

v.

Don Michael BATEY, Appellee.

No. 17226.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 24, 1978.

Rehearing Denied Oct. 5, 1978.

---

Grubb & Morris, John K. Grubb, Houston, for appellant.

Roger H. Broach, The Woodlands, for appellee.

PEDEN, Justice.

Drever and Associates appeals from the denial of a temporary injunction against Don Michael Batey to enforce a noncompetition covenant in his employment contract. The trial judge's order indicates that the denial of relief was based on his opinion that the plaintiff has an adequate remedy at law. We reverse and remand.

The parties executed an agreement dated February 1, 1977, that contained this covenant:

> It is mutually agreed that DREVER & ASSOCIATES and any future DREVER & ASSOCIATES offices will suffer great loss and damage if, during the employee's employment and for one (1) year after termination he or she should: (1) work for or operate, directly or indirectly, any other private employment agency, within the counties of Harris, Brazoria, Galveston, Liberty, Montgomery and Fort Bend and within a 30 mile radius of any office that DREVER & ASSOCIATES hereafter establishes: (2) own, directly or indirectly, or beneficially, any interest in any other private employment agency: (3) use, directly or indirectly, forms containing the name DREVER & ASSOCIATES, DREVER & ASSOCIATES' mailing list, list of prospective employers, list of prospective employees, resumes, job openings, list of clients and job orders.

Therefore, in consideration of these premises and for the sum of Ten Dollars ($10.00) cash in hand paid, receipt and sufficiency of which is hereby acknowledged by associate, associate does expressly covenant and agree that during the term of his or her employment and for a period of one (1) year immediately following the termination of such employment (regardless of whether such termination is voluntary or involuntary) shall not: (1) work, directly or indirectly, for any other private employment agency within the counties of Harris, Brazoria, Galveston, Liberty, Montgomery and Fort Bend and within a 30 mile radius of an office of DREVER & ASSOCIATES hereafter establishes; (2) own, directly or indirectly or beneficially, any interest in any other private employment agency; (3) use, directly or indirectly, forms containing the name DREVER & ASSOCIATES, DREVER & ASSOCIATES' list of prospective employees, list of prospective employers, list of clients, mailing list, resumes, job openings and job orders.

Mr. Batey resigned from Drever on April 3, 1978, and began working for a competitor, Recruiter's, Inc., two weeks later. He testified that he services the same types of accounts in the instrumentation engineering and sales fields at Recruiters, Inc., that he had previously handled at Drever & Associates.

Appellant's application for temporary injunction alleged a violation of the contractual covenant and tortious interference with its contractual rights and privileges. Appellee did not file an answer.

The appellant asserts in its points of error that the trial court abused its discretion in denying the temporary injunction because the evidence shows (1) that appellee violated the noncompetition covenant and (2) that a temporary injunction is the only adequate remedy.

The trial judge did not make findings of fact or conclusions of law.

█ In a hearing on an application for a temporary injunction, the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

> "To warrant issuance of the writ, an applicant is not required to establish that he will prevail on final trial; he needs only to plead a cause of action and to show a probable right on final trial to the relief he seeks and probable injury in the interim. . . . A trial court judgment either granting or denying a writ will not be reversed unless the appellate courts are convinced that it represents a clear abuse of discretion."

*Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

█ Issues raised by an employee with respect to there being no necessity to protect the employer by an injunction since only good will and not trade secrets is involved, if meritorious, are such as should be determined upon a hearing on the merits and not on a temporary injunction hearing brought to preserve the existing condition until the case can be tried on the merits. Given a valid contract and admitted violations thereof, it became the duty of the trial court to properly apply the law to the undisputed facts. *Wilson v. Century Papers, Inc.*, 397 S.W.2d 314 (Tex.Civ.App.1965, no writ).

A review of the evidence reveals that Drever showed a probable right to relief on a final hearing. Mr. Batey was called to testify by the plaintiff. Before working for Drever he had never had any prior experience in placing applicants with different companies; he received his training in the employment agency field from Drever but was only given general information that he could have picked up at any agency. He acknowledged that he had made application for a private employment agency license for Recruiter's, Inc., in late March of 1978, and that an employment agency operator's license was issued to him in February, 1978. He applied for his operator's license in December of 1977 because he heard that the

tests were going to be made more difficult. He obtained the private employment agency license for Recruiter's, Inc., as a favor to one of Recruiter's employees. He is in direct competition with Drever, and there are some 6 or 7 other employment agencies in Houston competing in this specialty. He is still servicing the same types of accounts and is still dealing with people he sent mailings to when he was at Drever. He developed a rapport with several applicants while at Drever, and Drever has sent mail-outs to various companies concerning his training and qualifications. At his present job he can now use that rapport and good will in competition with Drever. He has, so far, not contacted any employer that he knows to have an active job order at Drever. He knew, before he worked for Drever, about half the employers he now contacts. If he knew that a company had job orders at several places and did not know that they had one at Drever, he would contact them. He has not talked to any applicant that he knows to be registered at Drever, but he is dealing with the same people he dealt with for Drever. He took no lists or materials with him when he left Drever. He worked for Drever for about a month before he was called upon to sign the agreement not to compete.

After Mr. Batey had been questioned by counsel for both parties, the trial judge curtailed the hearing, asking counsel what they would attempt to elicit from any further witnesses. Appellant's attorney stated that Mr. Drever would testify that appellee has a specialized background that makes him very valuable in the employment agency field, that only 650 prospective job applicants exist in the field, that appellee built up good will, and that the damage is severe and cannot be measured in dollars and cents because the good will loss will increase geometrically over the years. He also stated that Mr. Faruolo of Drever would testify that he assisted in training Mr. Batey, that he introduced Mr. Batey to virtually every company Drever does business with, and that Mr. Batey would have had no trouble finding an engineering position.

Appellee's attorney said that he would call Mr. Robinson, who had previously worked at Drever and now works for Recruiter's, Inc. He would testify that Mr. Batey received very little training at Drever and that he brought more good will to Drever than he established while working there.

Neither party complains of this procedure for adducing testimony; counsel agreed that the summaries covered substantially what the witnesses would have said.

 The record also establishes that appellant would suffer probable harm prior to a final hearing if a temporary injunction was not granted. The evidence is undisputed that the parties agreed to the contract and that appellee had violated its noncompetition provision. Appellee's admission that he received his only training in the employment field from appellant, that he is still servicing this limited area of accounts, that he is in direct competition with appellant and that he is still using the good will and rapport with the applicants that he developed while working for Drever all show that he is irreparably damaging the good will established by Drever. Mr. Drever would have testified that there were very few applicants available in this particular field, that the good will established by his firm through appellee was critical to matching these people with jobs, and that the damage is of such nature that it cannot be measured in dollars and cents. Appellant's business would be continually jeopardized by appellee's breach of the covenant, and it would be difficult to establish the amount of damages incurred since damages from loss of good will probably will continue to be incurred. See *Hartkopf v. Southland Corp.,* 256 S.W.2d 241, 244 (Tex.Civ. App.1953, no writ). Adequacy of a remedy at law is a question of law; in order for the legal remedy to be adequate it must give to the plaintiff complete, final and equal relief. *King v. Miller,* 280 S.W.2d 331 (Tex. Civ.App.1955, writ ref. n. r. e.); *Davis v. Gillen,* 227 S.W.2d 834 (Tex.Civ.App.1949, writ ref. n. r. e.); *Story v. Story,* 142 Tex. 212, 176 S.W.2d 925 (1944). The evidence

shows that appellant has no adequate remedy at law for the protection of its business interests. We are of the opinion that the trial court fell into error in not applying the law to the undisputed facts. *Southland Life Insurance Co. v. Egan*, 126 Tex. 160, 86 S.W.2d 722 (1935); *Traweek v. Shields*, 380 S.W.2d 131, 135 (Tex.Civ.App.1964, no writ).

We find no merit in the appellee's counterpoints. He cites no authorities in support of his statement that the court could have found the covenant in question to be void and unenforceable, and we have found none.

We consider overly broad the provision in the covenant concerning Mr. Batey's not working for any agency within a 30 mile radius of any office Drever hereafter establishes. A temporary injunction issued pursuant to this opinion should not include such a provision.

The trial court's order is reversed and remanded for issuance of an order temporarily enjoining the appellee as provided by the covenant between the parties (except as stated in the preceding paragraph of this opinion) for a period of one year from the date he left Drever and Associates.